R. EMMETT O'MALLEY, Superintendent of Insurance Department, v. CONTINENTAL LIFE INSURANCE COMPANY, a Corporation, Appellant.—75 S. W. (2d) 837.

Court en Banc, October 26, 1934.

**1116**

*Albert D. Nortoni* and *Lowell L. Sparling* for appellant.

*A. A. Ridge, James P. Aylward, Powell B. McHaney, James A. Waechter* and *Frank P. Aschemeyer* for respondent.

HAYS, J.—This is a motion filed by the Superintendent of the Insurance Department of the State to dismiss the appeal lodged in this court as taken by the appellant, Continental Life Insurance Company, a corporation, from final judgment, or decree, rendered by the Circuit Court of the City of St. Louis in a proceeding instituted under the provisions of Article 10, Chapter XXXVII of the Revised Statutes of 1929, as amended by Laws of 1933-34, Extra Session, pages 65-71, relating to the liquidation of life insurance companies.

The judgment was rendered on May 25, 1934. The company's motion for a new trial was filed and overruled on May 28. On the next day, May 29, affidavit for appeal was filed and docket fee paid into the hands of the clerk, appeal duly granted, appeal bond given and approved, and appellant granted leave to file its bill of exceptions within ninety days. On June 2, there was forwarded by post a certified copy of the judgment and the order allowing the appeal, together with the docket fee, to the clerk of this court, who received the same and filed the papers in his office on June 4, 1934; one day late, since for the purposes of appeal the date of the judgment is to be reckoned from the granting of the appeal as the starting date. [Walter v. Scofield, 167 Mo. 537, 67 S. W. 276.]

On this state of the record the respondent, conceiving that the appeal was not perfected within the time prescribed by law, raises that question by its motion to dismiss the appeal, and grounds the motion on the first proviso of Section 5945 of the Laws of 1933-34 (Ex. Sess.), at pages 67 and 68. The closing sentence of this section includes said proviso and reads:

"Such decree or judgment shall, for all purposes of an appeal, be considered a final judgment, and the defendant may appeal from the same as in other civil cases: *Provided*, the appeal be prayed for and perfected within five days after such judgment, and that the bond shall be for such an amount as the court may fix: *and provided,*

that no appeal nor *supersedeas* bond shall operate as a dissolution of an injunction or judgment, if one has been issued.''

This section was first enacted in 1879, as Section 6041, with provisos the same as they now appear in said Section 5945, Laws of 1933, and has been carried down through all subsequent decennial revisions of the statutes. So the provisos, in precisely the same language quoted above, have come down through more than a half century. Yet until now no question has been raised, so far as adjudicated cases disclose, with respect to the meaning of the language regarding appeal in proceedings of this kind, which are special and summary in their nature, brought pursuant to Section 5941, Laws of 1933, heard and determined under said Section 5945, and wholly governed by the latter, except as otherwise expressed therein. Subsequent Sections 5948, 5950, 5951, 5953 and 5954, all in Laws of 1933, considered collectively relate to disposition of the property of the company, to reinsurance or rehabilitation, and to the payment of expenses, etc.,—all to be effected under administrative orders made by the court from time to time after final judgment entered.

As indicative of the summary nature and the completeness of this statutory scheme or plan its distinguishing features may be briefly noted. Under the provisions of said Section 5941 the Superintendent of Insurance upon a discovery made by him from examination that any insurance company is in a condition specified in the law, or has committed certain acts specified, may institute proceedings in the circuit court to enjoin such company from further prosecution of its business, or for a judgment dissolving the company, and after the entry of such judgment or decree, to obtain orders for the liquidation or the rehabilitation of the company and administrative orders. Section 5945 in substance provides: Summons is to issue forthwith on the filing of the petition returnable in three days. On the return of the summons the case is required to be set down for hearing on some day not exceeding five days from the return day. All pleadings shall be made up and filed at or before said day of hearing; and the judge, without a jury and without unnecessary delay, shall proceed to hear and determine the cause, or on motion of the plaintiff refer the case to a referee to hear same and to report within ten days after the conclusion of the testimony, to which report exceptions, if any, must be filed within three days. The remainder of the section appears in the quoted provision, supra, concerning the judgment and appeal.

The particular portion of the latter with which we are concerned is the proviso, which in part reads: ''Provided, the appeal be prayed for and perfected within five days after such judgment. . . .'' The controversy raised by respondent's motion is upon the true meaning of the word ''perfected'' as contained in the proviso.

The first question for determination is whether, even if the five-

day limit does apply to the lodgment of the transcript in this court—and this is the ground of the motion—such requirement is necessarily mandatory irrespective of conditions and circumstances and practical results, or whether it is directory.

It is not and could not well be disputed that the appeal was taken more than fifteen days and actually lodged here more than sixty days before our then next ensuing and now current September Term, is timely and properly returnable to this term under general Section 1027, Revised Statutes of 1929. It is to be observed that if the transcript had been filed within five days, instead of six as it was, the situation of the appeal, insofar as concerns its lodgment, prosecution, or progress in this court, is no different than if it had been filed one day earlier, since the special statute contained no suggestion looking to the advancement of the appeal on this court's docket. By representations made in the brief, and not disputed, the appellant moved promptly in the court below in the taking of its appeal by the filing of a motion for new trial, which was overruled on May 28, 1934; the filing of an affidavit for appeal and obtaining the order granting appeal thereon, the execution of bond, obtaining approval thereof, all on May 29, 1934; the depositing of docket fee with the circuit clerk, the obtaining from him of the short form transcript of the judgment and order granting appeal and depositing of the same in the United States mail for transmission to the clerk of this court on June 2. Due to a somewhat unusual condition the transcript was not delivered to the clerk of our court until June 4, one day late under the five-day proviso. Between the date of the appeal and the filing of the transcript there intervened holidays, May 30th and Saturday afternoon of June 2, and Sunday, June 3, on which days the clerk's office was permitted to be closed under the statutes. In these circumstances should the statute receive a hard and fast interpretation, when no injury or disadvantage to the respondent has ensued?

■ Appeals are favored in the law and statutes granting appeals are liberally construed. [State ex rel. Russell v. Mueller, 332 Mo. 758, 60 S. W. (2d) 48; State ex rel. Goodloe v. Wurdeman, 286 Mo. 153, 186, 227 S. W. 64.] The denial by this court of motions to dismiss appeals as brought under the general statute, supra, is not of infrequent occurrence where, though the strict letter of the law may not have been complied with, the spirit has been observed by the appellant in such case and no injury from a slight deviation from a statutory requirement has been suffered by the respondent. And under the circumstances of this case we are of opinion that the requirements of the special statute under review have been substantially complied with, and respondent's motion to dismiss the appeal should be overruled.

■ Another proposition advanced by the respondent and look-

ing to the same result is that, under a proper interpretation of the controverted Section 5945, the operative effect of the term *perfected* is limited to the proceedings had in the trial court. Although the determination of this question is rendered unnecessary so far as the disposition of the motion under review is concerned, yet since the interpretation of the statute with reference to the scope of its operation beyond the granting of the appeal by the trial court is outside the ruling just now concluded, and may hereafter become of concern to the bench and the bar, attention may well be given also to this question.

The legislative intent in the enactment of the law is to be sought and effectuated. This is the rule of first importance in statutory interpretation. To ascertain such intent we invoke as aids such of the auxiliary rules of interpretation as may seem to bear with incidence as direct as may be upon the matter in hand. Briefly stated, these in substance recognize and require that the language of the act be considered (25 R. C. L., sec. 216, p. 961); that each word be accorded its ordinary meaning, generally speaking; and that in construing a word or expression of a statute susceptible of two or more meanings the court will adopt that interpretation most in accord with the manifest purpose of the statute as gathered from the context. [Idem, sec. 237, p. 994.]

We are of opinion that the word *perfected* is susceptible of two or more meanings. To perfect, in its ordinary meaning, according to Webster, is "to finish or complete." We think this word has not acquired a definite, technical, and exclusive meaning in the law. It is true that the expression "perfecting the appeal," or the failure to perfect the appeal, is frequently, if not usually, employed by the courts and members of the bar in designating the lodgment, or the lack of lodgment, in the appellate court of a transcript of the record of the trial court, and such use of the expression is entirely appropriate in this connection. But it does not follow that the same expression is inappropriate when applied, as it often is, as denoting the entire process of taking an appeal from the trial court. Some further test, therefore, must be applied.

Let it be assumed that after a full and complete transcript of the entire record below has been lodged in the appellate court discovery is made that no order granting the appeal was made in the trial court, although all other steps in the appeal had been taken. Could it not be accurately said that the appeal was not *perfected* in the lower court? In either case the use of the word *perfected* is a terse and appropriate mode of describing the situation without going into detail. Neither does the statute go into detail, except by necessary implication arising from its reference to the general code as applying where not otherwise expressly stated, as to how the appeal is to be "prayed for and perfected," or in what court. In

view of these considerations, and others hereinabove in relation to the completeness of the statutory plan in outline and in detail, and of its manifest application and adaptation to the progress and completion of the proceedings in the trial court; the lack of mention, either express or implied, of any other court save by a possible implication that might arise out of the apparently unstudied use of the word *perfected,* we think the intention of the Legislature was that the word be restricted in its application solely to the action taken in the circuit court.

The conclusion just reached may find additional support in the proviso itself when it is considered apart from the context. In the consideration of this clause we apply the rule that "Where any particular word is obscure or of doubtful meaning, taken by itself, its obscurity or doubt may be removed by reference to associated words and the meaning of a term may be enlarged or restrained by reference to the whole clause in which it is used." [25 R. C. L., sec. 239, p. 995.] Let us examine this clause in the light of the rule. The clause reads: *"Provided,* the appeal be prayed for and perfected within five days after such judgment, and that the bond shall be for such an amount as the court may fix." The whole process of appeal is skeletonized; all else must be supplied by implication from the general statute. "Prayed for" implies affidavit for appeal filed; "perfected" implies obtaining order granting appeal, fixing amount of appeal bond and filing bond. Stated otherwise, perfecting the appeal is the equivalent of what is more often referred to and of more restricted meaning as *taking* an appeal. We hold, therefore, that the term *perfected* was not intended by the Legislature to apply to the filing of the record in the appellate court.

On the whole the result is that the motion to dismiss the appeal is denied. All concur, except *Leedy, J.,* absent.