Keith Byron GLASBY, Appellant,

v.

STATE of Missouri, Respondent.

No. 48718.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 11, 1985.

Motion for Rehearing and/or Transfer
Denied Aug. 28, 1985.

Application to Transfer Denied
Oct. 16, 1985.

Debra Buie Arnold, St. Louis, for appellant.

William L. Webster, Atty. Gen., Leah A. Murray, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

By this Rule 27.26 motion movant-defendant Keith B. Glasby seeks to set aside two consecutive life sentences. These were based on guilty pleas to separate charges of murder and armed criminal action. The motion court summarily denied the defendant's motion and defendant has appealed. We affirm.

We have examined the guilty plea record. Defendant, his mother and counsel participated; the trial court questioned each in detail. Defendant admitted the murder and robbery, knew of the proposed sentences and repeatedly said he was completely satisfied with his counsel. Although the court invited defendant to offer any justification for the charged offenses the defendant said he had none.

Although not pleaded in his Rule 27.26 motion defendant now seeks an evidentiary hearing on the ground his trial counsel was ineffective in that he "failed to investigate his claim that certain incriminating evidence to be used against him at trial was obtained in violation of the Juvenile Code." Defendant's brief as a whole gives no indication of what that evidence was nor what section of the juvenile code was violated. It was patently inadequate.

In *Franklin v. State*, 655 S.W.2d 561 [10,11] (Mo.App.1983) we ruled:

"The claim that an attorney's investigation of a case is inadequate must allege what specific information the attorney failed to discover, that reasonable investigation would have disclosed that information, and that the information would have aided or improved defendant's position."

To the same effect see *Williams v. State*, 650 S.W.2d 17 [1] (Mo.App.1983) and also *Anderson v. State*, 647 S.W.2d 883 [1,2] (Mo.App.1983).

The motion court did not err in summarily denying the Rule 27.26 motion.

Affirmed.

DOWD, P.J., and CRANDALL, J., concur.