**Keith Byron GLASBY, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 52875.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Nov. 17, 1987.

Lisa K. Clover, Asst. Public Defender, Hillsboro, for appellant.

William L. Webster, Atty. Gen., Elizabeth A. Levin, Asst. Atty. Gen., Jefferson City, for respondent.

**CARL R. GAERTNER, Judge.**

Glasby appeals the dismissal of his second Rule 27.26 motion without an evidentiary hearing. We affirm.

On March 29, 1983, appellant was sentenced to two consecutive life terms after pleading guilty to first degree murder and first degree robbery. His first 27.26 hearing motion was denied. *Glasby v. State,* 697 S.W.2d 202 (Mo.App.1985). In his second motion he alleges ineffective assistance of counsel in failing to challenge jurisdiction. The trial court sustained the state's motion to dismiss, ruling that the appellant's purported lack of legal knowledge did not excuse his initial failure to assert grounds based on facts known at the time of his original motion. The court also held that the grounds alleged in the second motion were without merit.

■ We agree with the trial court's conclusion that Rule 27.26(d) precludes his second motion because all the facts were known to appellant at the time he filed his first motion. Nevertheless, we will address the merits of his contention because his allegations, in effect, attack the jurisdiction of the court.

Appellant commenced this proceeding in the trial court by filing a pro se motion. Appointed counsel filed a "supplemental 27.26," incorporating the pro se pleading by reference. The sole point asserted on appeal is that, because appellant was under the continuing jurisdiction of the juvenile court at the time the two offenses were committed, he was not subject to the jurisdiction of the "adult" division of the circuit court. Appellant reaches this conclusion by a circuitous path: he had previously come under the jurisdiction of the juvenile division by virtue of an unrelated offense; that court had not terminated its jurisdiction over him when these offenses were committed; Supreme Court Rule 110.-05(a)(9) defines a juvenile as a person under 21 years of age who is subject to the jurisdiction of the juvenile court; Supreme Court Rule 118.01(2) provides that when a juvenile between the ages of 17 and 21 years over whom the court has jurisdiction violates any state law or any municipal ordinance, the juvenile division will conduct a hearing to determine whether the juvenile is a proper subject for the juvenile code. Ergo, although 17 years of age at the time of the offenses, appellant argues that he was not subject to the jurisdiction of the adult division of the circuit court without certification by the juvenile division.

Appellant acknowledges the provisions of § 211.041, RSMo. 1986:

When jurisdiction over the person of a child has been acquired by the juvenile court under the provisions of this chapter in proceedings coming within the applicable provisions of sections 211.031, the jurisdiction of the child may be retained for the purpose of this chapter until he has attained the age of 21 years ... Every child over whose person the juvenile court retains jurisdiction shall be prosecuted under the general law for any violation of a state law or of a municipal ordinance which he commits after he becomes 17 years of age. The juvenile court shall have no jurisdiction with respect to any such violation and, so long as it retains jurisdiction of the child, shall not exercise its jurisdiction in such a manner as to conflict with any other court's jurisdiction as to any such violation.

Nevertheless, appellant argues that the rules of the Supreme Court "take precedence" over inconsistent statutes. Thus appellant concludes the statutory definition of adult as a person seventeen years of age or older, § 211.021(1), RSMo. 1986, must fall before the rule definition of an adult as a person twenty-one years of age or older, Rule 110.05(a)(1). We disagree.

■ Appellant's argument overlooks § 211.071.2, RSMo. 1986, which provides that "[u]pon apprehension and arrest, jurisdiction over the criminal offense allegedly committed by any person between seventeen and twenty-one years of age over whom the juvenile court has retained continuing jurisdiction shall automatically terminate and that offense shall be dealt with in the court of general jurisdiction as provided in section 211.041." Accordingly, ap-

pellant is not entitled to the Rule 118.01(2) hearing for a juvenile between the ages of 17 and 21 years over whom the court has jurisdiction because such jurisdiction automatically terminated when the police apprehended and arrested appellant.

Moreover, Supreme Court rules of procedure may not be used to create jurisdiction where none exists. The rule-making power vested in the Supreme Court pursuant to Article V, § 5 of the Missouri Constitution is limited to rules relating to practice, procedure, and pleading in those courts and administrative tribunals in which jurisdiction has attached. The constitution's express limitation that rules should "not change substantive rights" prohibits the use of such power to create jurisdiction. A court's power and authority to take cognizance of and to adjudicate a case, i.e., jurisdiction, is not self-generated: it is bestowed upon the court by the constitution and by legislative enactment. The rules of practice and procedure are but a means to establish order and stability in the exercise of the jurisdiction which is vested in the courts by the people and by their representatives. In the absence of such jurisdiction, the rules have no application.

It follows that the failure of appellant's counsel to challenge jurisdiction in the underlying cases did not constitute ineffective assistance as any such challenge would have been unavailing.

Judgment affirmed.

SATZ, C.J., and SIMEONE, Senior Judge, concur.