**Keith Byron GLASBY, Petitioner,**

v.

**Jim JONES,[1] Respondent.**

**No. 88–1184C(2).**

United States District Court,
E.D. Missouri, E.D.

Dec. 20, 1988.

Keith Byron Glasby, Moberly, Mo., pro se.

Stephen D. Hawke, Asst. Missouri Atty. Gen., Jefferson City, Mo., for respondent.

### JUDGMENT

FILIPPINE, District Judge.

In accordance with the Order filed on October 12, 1988, and the Report and Recommendations sustained and adopted therein,

IT IS HEREBY ORDERED, ADJUDGED and DECREED that respondent Jim Jones shall have judgment against petitioner Keith Byron Glasby and that the petition of Keith Bryon Glasby for habeas corpus relief is DISMISSED with prejudice.

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE

DAVID D. NOCE, United States Magistrate.

This cause is before the Court on the petition of Missouri state prisoner Keith Byron Glasby for a writ of habeas corpus under 28 U.S.C. § 2254. This matter was referred to the undersigned United States

---

1. Because petitioner is challenging a sentence to be served in the future, William L. Webster, Attorney General for the State of Missouri, is joined as a proper party respondent. 28 U.S.C. § 2254, Rule 2(b).

Magistrate for review and a recommended disposition. 28 U.S.C. § 636(b).

■ In 1983 petitioner Glasby pled guilty to first degree murder and first degree robbery in the Circuit Court of the County of St. Louis. (Resp. Exh. "Transcript of Proceedings," March 29, 1983.) He was sentenced to two consecutive terms of life imprisonment. (*Id.*) Petitioner subsequently sought and was denied post-conviction relief pursuant to Missouri Supreme Court Rule 27.26. (Resp. Exh. A.) This denial of relief was upheld on appeal. *Glasby v. State of Missouri,* 697 S.W.2d 202 (Mo.App.1985). (Resp. Exh. D.)

The instant petition was filed on June 8, 1988. Petitioner asserts one ground for relief: that the state circuit court lacked jurisdiction over him because he was not certified to stand trial as an adult on the murder and robbery charges.

Respondents argue that petitioner's ground for relief is unexhausted. Furthermore, respondents contend that petitioner cannot file a successive motion for post-conviction relief in the state courts and that therefore his instant ground is subject to a procedural bar to federal court review. Petitioner, it is argued, can neither demonstrate "cause" for his procedural default nor "actual prejudice" resulting from it in order to overcome this procedural bar. Even should petitioner overcome the procedural bar to federal court review, respondents contend his claim is neither cognizable as a ground for relief nor presents any merit. Despite respondents' arguments, the undersigned believes that the Court, in the interests of judicial economy, should address the merits of petitioner's claim.

■ Petitioner contends that he was placed under the supervision of the Juvenile Court of St. Louis County on June 1, 1982. (Petition, *at* supplemental page 1.) At that time he was sixteen years of age. Petitioner attained his seventeenth birthday on August 2, 1982. (Petition's "response," Exh. B, *at* 1.) On September 5, 1982, the robbery took place for which he was convicted. On September 8, 1982, the murder occurred for which petitioner was convicted. (Resp. Exh. "Transcript of Pro-

ceedings," *supra, at* 9.) On January 7, 1983, petitioner was certified to stand trial as an adult for two offenses which occurred on February 24, 1982: second degree burglary and stealing property of a value of at least $150.00. (Petitioner's Exh. B.)

Petitioner now argues that the Circuit Court of St. Louis County did not have jurisdiction to charge and convict him of first degree murder and first degree robbery because he had not been certified to stand trial as an adult for those offenses. Petitioner contends that Missouri law required his certification on these offenses because, although he was 17 years of age when the robbery and murder occurred, he was under the supervision of a state juvenile court. Missouri Supreme Court Rule 118.01 (1985). (Petitioner's Exh. C.)

On June 22, 1982, the State of Missouri amended its statute concerning a juvenile court's continuing jurisdiction over a seventeen year old who violates state or municipal laws. The amended statute states in part:

> Every child over whose person the juvenile court retains jurisdiction shall be prosecuted under the general law for any violation of a state law or of a municipal ordinance which he commits after he becomes seventeen years of age. The juvenile court shall have no jurisdiction with respect to any such violation and, so long as it retains jurisdiction of the child, shall not exercise its jurisdiction in such a manner as to conflict with any other court's jurisdiction as to any such violation.

A.L.1982 H.B. 1171, 1173, 1306 and 1643; R.S.Mo. § 211.041 (1982). The effective date of the amended statute was August 13, 1982. *See,* Mo. Const. art. III, § 29.

Even assuming that the petitioner was still under juvenile court supervision when the robbery and murder occurred, his claim for federal habeas relief is without merit. The state did not need to certify petitioner for these two offenses because he was over the age of seventeen as of the dates at issue. R.S.Mo. § 211.041. It was only nec-

essary for the state to certify petitioner as an adult on the burglary and stealing charges, which are not at issue in the instant petition.

In sum, even if petitioner could overcome respondents' other arguments, his federal habeas claim is without merit.

## RECOMMENDATION

For the reasons set forth above, it is the recommendation of the undersigned United States Magistrate that the petition of Keith Bryon Glasby for a writ of habeas corpus be denied without further proceedings. The parties are advised that they have eleven (11) days to file written objections to this Report and Recommendations. His petition should, therefore, be denied.

Signed this 1st day of September, 1988.