Lewis E. **MELAHN**, Director, Division of Insurance, Respondent,

v.

**CONTINENTAL SECURITY LIFE INSURANCE COMPANY, Thomas Morehead, and Arthur A. Blumeyer, III, et al., Appellants.**

No. WD 42320.

Missouri Court of Appeals, Western District.

June 5, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 31, 1990.

Application to Transfer Denied Sept. 11, 1990.

Jerry W. Venters, Jefferson City, Jeffrey B. Hunt, St. Louis, for appellants.

Ronald R. McMillin, Jefferson City for respondent.

Before TURNAGE, P.J., and LOWENSTEIN and GAITAN, JJ.

GAITAN, Judge.

On May 12, 1989, the Missouri Division of Insurance (hereinafter "Respondent") filed a petition for seizure against Continental Security Life Insurance Company (hereinafter "Continental Security"), pursuant to the provisions of Mo.Rev.Stat. § 375.565 (1986). Thereafter, on June 14, 1989, respondent filed a motion for liquidation of Continental Security. A hearing was held on that motion and the trial court approved the liquidation as submitted. However, the court on its own motion set aside a provision of the liquidation order. This appeal followed. We reverse and remand.

On July 7, 1989, a hearing was held on the motion for liquidation. After that hearing, the court entered an order of liquidation dated July 7, 1989. Paragraph 14 of the order of liquidation expressly approved. a covenant not to sue—not to release other tort feasors, (hereinafter "covenant not to sue"). The covenant not to sue was signed by Lewis E. Melahn as Director of the Missouri Division of Insurance and subsequently by the following as individuals and directors of Continental Security: Arthur A. Blumeyer III, Don Flier, Gordon Gundaker, James O. Buehrig, Jr., Richard Mersman III, Irven Hammerman, Carl Disalvo, Thomas Morehead, Arthur Haack and Trent Woods. The covenant not to sue provided that, in recognition of the efforts which had been made by the directors and named individuals to rehabilitate Continental Security, the Director of Insurance agreed not to assert any claims, demands, actions or suits of any kind or nature against the named individuals and directors.

On July 31, 1989, the court, *sua sponte*, made the following docket entry:

Approval of Paragraph 14 of the Order of Liquidation issued by this Court on July 7, 1989 is on the Court's Motion set

aside and held for naught pending further hearing. JFMcH

Thereafter, on August 3, 1989, the court conducted a hearing to reconsider approval of the covenant not to sue. On August 4, 1989, Judge McHenry entered his order setting aside paragraph 14 of the order of liquidation and withdrawing the court's previous approval of the covenant not to sue.

On August 3, 1989, a notice of appeal was filed by Continental Security from the court's July 7, 1989, order. On August 16, 1989, notice of appeal was filed by Arthur A. Blumeyer III, Don Flier, Gordon Gundaker, James O. Buehrig, Jr., Richard Mersman III, Irven Hammerman, Carl Disalvo, Arthur Haack, Ed Anthonis and Trent Woods, appealing the August 4, 1989, order of the court. Also on August 16, 1989, a notice of appeal was filed on behalf of Thomas B. Morehead, appealing the July 7, 1989 order as modified by the court's August 4, 1989 entry.

On September 15, 1989, motions to intervene in the circuit court proceeding were filed on behalf of Arthur A. Blumeyer III, et al., and on behalf of Thomas B. Morehead. Those motions to intervene were denied by the court by order dated October 11, 1989.

## I.

On July 7, 1989, the circuit court entered an order of liquidation, declaring Continental Security to be insolvent and appointing Lewis E. Melahn, Director of the Missouri Division of Insurance, and his successors in office, as receiver of the company. This order of liquidation was entered pursuant to a motion for liquidation filed by the then-acting Director of the Missouri Division of Insurance, and after a brief hearing concerning the insurance company's insolvency.

One of the provisions of the order of liquidation was the approval of a covenant not to sue which had been entered into by the Director of the Missouri Division of Insurance and most of the directors and officers of Continental Security. Summarized, the covenant not to sue provided that the Director of the Missouri Division of Insurance would not assert any claims against the individuals executing the covenant not to sue in their capacities as individuals, directors and officers of Continental Security for injuries or damages "resulting or to result from the impaired, insolvent, or financially hazardous condition of the company."

However, on July 31, 1989, 24 days after the order of liquidation had been entered, the circuit court, *sua sponte*, made a docket entry setting aside that paragraph of the order of liquidation which had approved the covenant not to sue. Then, on August 3, 1989, just three days later and with apparently no official notice to the appellants, the court conducted a hearing and entered an order expressly disapproving the covenant not to sue and purporting to set aside paragraph 14 of the previously entered order of liquidation.

The issue here is whether the circuit court had the jurisdiction to disapprove the covenant not to sue which it had expressly approved in its order of liquidation entered on July 7, 1989.

Mo.Rev.Stat. § 375.560 (1986), authorizes the Director of the Missouri Division of Insurance to institute an action against an insurance company when it appears to the Director that the company is insolvent or when other conditions are present. The Director may seek an order enjoining the company from carrying on business or a judgment dissolving the company, or he may seek both an injunction and a judgment of dissolution.

Mo.Rev.Stat. § 375.630.3 (1986), provides that a circuit court may make essentially three rulings if it finds the issues in favor of the Director of Insurance:

(a) The court may enjoin the company, either temporarily or perpetually, from the further prosecution of its business;

(b) The court may render judgment dissolving the company; or

(c) The court may render "both such decree and judgment."

Section 375.630.3 then goes on to provide, with respect to the issue now before this Court:

> Such decree or judgment shall, for all purposes of an appeal, be considered a final judgment, and the defendant may appeal from the same as in other civil cases; provided, the appeal be prayed for and perfected within five days after such judgment, and that bond shall be for such an amount as the court may fix; and provided, that no appeal nor supersedeas bond shall operate as a dissolution of an injunction or judgment, if one has been issued.

■ The Missouri Supreme Court has long held that the insurance code, that body of statutory law by which the legislature has authorized the executive branch to supervise, regulate, and liquidate insurance companies, is the exclusive code of the supervision and regulation of insurance companies. *See State ex rel. St. Louis Mut. Life Ins. Co. v. Mulloy*, 52 S.W.2d 469, 471 (Mo. banc 1932) (insurance laws of state constitute exclusive code of supervision and regulation of insurance companies); *State ex rel. Missouri State Life Ins. Co. v. Hall*, 52 S.W.2d 174, 177 (Mo. banc 1932) (codes and amendments indicate an intention to regulate the insurance business in order to protect individual and public interests.).

■ Ordinarily, the disposition of an appropriate after-trial motion makes a judgment final for purposes of appeal, *Perryman v. Perryman*, 507 S.W.2d 671, 672 (Mo.App.1974), or the judgment will automatically become final after 30 days if no after-trial motions are filed, Mo.R.Civ.P. 81.05.

However, that is not the case here because § 375.630.3 expressly provides that "such decree or judgment shall, for all purposes of an appeal, *be considered a final judgment ...*" (emphasis added).

We have found only one Missouri case dealing expressly with this provision of § 375.630.3. That case is *O'Malley v. Continental Life Ins. Co.*, 335 Mo. 1115, 75 S.W.2d 837 (1934), which dealt with then

Mo.Rev.Stat. § 5945 (1929), the forerunner of present § 375.630.3.

The facts in *O'Malley* are instructive here. In that case the circuit court entered its judgment on May 25, 1934, dissolving Continental Life Insurance Company. The company's motion for a new trial was filed and overruled on May 28. On the next day, May 29, the company filed its affidavit for appeal, paid the appeal docket fee to the clerk, and the appeal was duly granted. However, the company did not file the trial transcript in the Supreme Court until June 4, some six days later. The Superintendent of Insurance then moved to dismiss the appeal because the company had failed to perfect its appeal within the five days prescribed by the statute.

The Supreme Court noted that then § 5945 had been unchanged for half a century. The Court, almost without discussion, noted that the insurance laws are "summary and special", and that the provisions relating to liquidation proceedings and procedures are of a "summary nature" and are "complete" in themselves. *O'Malley v. Continental Life Ins. Co.*, 75 S.W.2d at 838. "The whole process of appeal is skeltonized; all else must be supplied by implication from the general statute." *Id.* at 840.

Thus, the Supreme Court in *O'Malley* clearly recognized the immediate finality of the trial court's judgment of dissolution and that the five day limit prescribed by the statute for taking an appeal was the exclusive means for taking an appeal from a judgment of dissolution.

■ In the instant case, the trial court order of liquidation was final when entered on July 7, 1989.

Once a decree or judgment becomes final, it is beyond the reach of the trial court to alter or vacate. *Godsy v. Godsy*, 565 S.W.2d 726, 732 (Mo.1978), *cert. denied* 439 U.S. 960, 99 S.Ct. 445, 58 L.Ed.2d 419 (1978). *See also Highland Gardens Nursery, Inc. v. North American Developers, Inc.*, 494 S.W.2d 321, 324 (Mo.1973). The court has no further authority to disturb the judgment or its finality. *Dismuke v. McLarin*, 665 S.W.2d 71, 72 (Mo.App.1984);

*Hynes v. Risch,* 243 S.W.2d 116, 117 (Mo. App.1951).

In fact, an attempt by the court to change, amend or modify a judgment after it has become final is of no effect, and any judgment resulting from such an attempt is void. *Berry v. Chitwood,* 362 S.W.2d 515, 517 (Mo.1962).

This case is somewhat analogous to the case of *Swope v. General Motors Corp.,* 445 F.Supp. 1222 (W.D.Mo.1978). The parties had entered into a general release whereby the plaintiff released General Motors, and its employees and insurers, from any claims relating to a school bus accident, and at the parties' request the state trial court approved the release and entered judgment in accordance with the terms of the release. The state court judgment became final and was not appealed.

Later, the parties entered into what they termed a limited release and asked the state court to amend its judgment so as to approve the limited release. The state trial court, after examining its record, determined that it was the intention of the parties and the court that the original release act only to bar further suits by the plaintiff against the original defendants, not to prohibit the assertion of claims which the plaintiff might have against other tortfeasors. Accordingly, the state trial court entered an amended judgment which purported to amend the original, final judgment.

The United States District Court ruled that such an attempted amendment of the earlier final judgment was not authorized even under then Mo.R.Civ.P. 74.30 and 74.31, permitting the correction *nunc pro tunc* of final judgments.

> Clearly and unmistakably these rules do not provide for amendment of a judgment to include a recitation of the judge's prior intentions and to modify the form of the judgment to conform to the newly stated intention ... [U]nder well settled and established case law, a nunc pro tunc order cannot be employed to change a judgment rendered to reflect the true intention of the court, nor to create a different judgment than that actually rendered.

*Id.* at 1230.

The problem with the series of events in late July and early August was and remains that the July 7 judgment and order of liquidation had already become final by the express provisions of § 375.630.3, and the circuit court had no power or jurisdiction to amend or alter that judgment. The order entered on August 4 was null and void, and of no legal effect.

## II.

■ Respondent argues that the provisions of Mo.R.Civ.P. 81.05 might somehow have allowed the circuit court to exercise jurisdiction over its July 7 judgment, at least so far as approval or non-approval of the covenant not to sue was concerned. However, this argument is fallacious, because the rules of civil procedure cannot be employed to create power or jurisdiction in a trial court where that power or jurisdiction does not exist. *Glasby v. State,* 739 S.W.2d 769, 771 (Mo.App.1987).

Rule 81.05(a) provides that, for the purpose of ascertaining the time within which an appeal may be taken, a judgment becomes final at the expiration of 30 days after it is enacted, unless a timely motion for new trial is filed. Mo.R.Civ.P. 81.04(a) then specifies, as does Mo.Rev.Stat. § 512.050 (1986), that the notice of appeal, to be effective, must be filed within 10 days after the judgment becomes final.

Very clearly, Rules 81.04 and 81.05 are rules establishing the procedures for taking an appeal; they do not create the substantive right of appeal. Likewise, § 512.050 is a general procedural statute, and § 512.020 is the general statute granting aggrieved parties the substantive right of appeal.

Section 375.630.3, however, is a specific, special statute specifying the time at which a judgment of dissolution of an insurance company becomes final and the very limited time in which an appeal from such a judgment must be taken. The provisions of § 375.630.3 must prevail over the provisions of §§ 512.020 and 512.050, as well as

Rules 81.04 and 81.05, because a specific statute prevails over a general statute. *State ex rel. Fort Zumwalt School District v. Dickherber*, 576 S.W.2d 532, 536 (Mo. banc 1979); *In re Interest of T G*, 455 S.W.2d 3, 9 (Mo.App.1970).

The legislature has made it clear in § 375.630.3 that any decree or judgment of a circuit court declaring the insolvency of an insurance company or enjoining an insurance company from conducting further business is considered a final judgment and an appeal therefrom must be taken in five days thereafter. Otherwise, the right to appeal will be lost. The insurance code is the exclusive code for the supervision of insurance companies. The legislature is the pre-eminent authority in this area and its dictates must be followed. The rules promulgated by the Supreme Court cannot abrogate or override the statutes, particularly where the legislature has specifically spelled out the substantive law as well as the procedures to be followed.

The judgment of the trial court of August 4, 1989, is reversed and the case is remanded with directions that the trial court reinstate its order of July 7.

All concur.