**STATE of Missouri, ex rel. Lewis E. ME-LAHN, Director, Division of Insurance, Dept. of Economic Development, State of Missouri, and Stephen McAllister, Financial Examiner, Division of Insurance, State of Missouri, Relators,**

v.

**The Hon. Kenneth M. ROMINES, Judge of the Circuit Court of St. Louis County, Missouri, Respondent.**

No. 60394.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 13, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 23, 1991.

Ronald R. McMillin, R. Max Humphreys, Dana L. Frese, Carson & Coil, P.C., Jefferson City, Peter T. Sadowski, Gregory A. Bordenkircher, The Stolar Partnership, St. Louis, for relators.

Alan C. Gold, Rassner, Rassner, Kramer & Gold, Miami, Fla., Barry A. Short, Thomas L. Caradonna, Lewis, Rice & Fingersh, St. Louis, for respondent.

SMITH, Presiding Judge.

Relators sought our writ of prohibition requiring respondent to dismiss the petition for mandamus filed by Arthur Blumeyer, III, and Hope Blumeyer seeking to compel relators to give the Blumeyers access to certain books and records in the possession of relators. We granted our preliminary writ which we now make permanent.

The Blumeyers are the sole stockholders of Bel–Aire Insurance Company, Risk Retention Service Corporation, and A.B. Carter, Inc., and Arthur Blumeyer, III, is a director of said companies. There is pending in the Circuit Court for Cole County a receivership proceeding pursuant to Sec. 375.560 et seq. R.S.Mo. 1986 involving the three companies. On October 3, 1990, the court in that proceeding entered an order directing relator Melahn, as the Director of the Division of Insurance, until a final decree is entered, to temporarily take possession and control of the property, books, records, and accounts of the three companies. The Blumeyers sought an order from that court to obtain access to the books and records of those companies. That relief was denied by the Cole County Circuit Court on the basis that under Secs. 375.111 to 375.920 the court lacked jurisdiction "to require Plaintiff to afford Defendants access to their own records." Respondent interprets this denial as based on an absence of subject-matter jurisdiction in the court. The cited statutory sections do not authorize discovery in a receivership proceeding and we can presume that was the basis for the court's ruling. Following denial of their request the Blumeyers sought a writ of prohibition in the Court of Appeals for the Western District which was denied.

The Blumeyers then filed their petition for writ of mandamus in the Circuit Court for St. Louis County seeking access to the books and records of the three companies. The action sought the relief against Melahn and Stephen McAllister, the employee in actual physical possession of the records in St. Louis County. Relators filed their motion to dismiss based on improper venue and absence of jurisdiction in the St. Louis County Circuit Court. The motion to dismiss was set for hearing on June 10, 1991. No indication is included in the notice that

the merits of the petition for mandamus would be involved in the hearing and the memorandum following the hearing stated "Respondents' motion to dismiss petition in Mandamus called, heard and submitted." The court's order of the same day indicated that both the motion to dismiss and the relators' petition were submitted. The order denied the motion to dismiss and granted the petition for mandamus. Application for writ to this court followed.

■■■ Relators raise several issues before us. We find it necessary to discuss only one. The appellate courts of this state have long held that the insurance code, that body of statutory law by which the legislature has authorized the executive branch to supervise, regulate and liquidate insurance companies, is the exclusive code for the supervision and regulation of insurance companies. *Melahn v. Continental Security Life Insurance Company*, 793 S.W.2d 425 (Mo.App.1990) [1]. The statutory scheme for the receivership in liquidation of an insurance company is self-contained and exclusive. *State ex rel. ISC Financial Corporation v. Kinder*, 684 S.W.2d 910 (Mo.App.1985) [2, 3]. The provisions of the insurance code must prevail over any general statutes or common law, as the legislature has specifically spelled out the substantive law as well as the procedures to be followed. *Continental Security, supra*, [4]. Respondent has cited us to no authority within the code which authorizes the relief which the Blumeyers seek through their mandamus action. More importantly, any action involving the receivership proceeding must be pursued in the receivership court. *Medallion Insurance Company v. Wartenbee*, 568 S.W.2d 599 (Mo.App.1978) [2]; *Strubinger v. Mid–Union Indemnity Company*, 352 S.W.2d 397 (Mo.App.1961) [5] and [8]. The relief sought by the Blumeyers in the mandamus petition and the relief granted by the respondent directly affect the actions of the relators appointed by the Circuit Court of Cole County in the statutory receivership proceeding. The Blumeyers are not entitled to such relief in the Circuit Court of St. Louis County and the respondent lacks the jurisdiction to entertain their petition.

The preliminary writ is made permanent. Respondent is prohibited from enforcing the mandamus previously issued and is directed. to sustain the relators' motion to dismiss.

SATZ and STEPHAN, JJ., concur.