**Jay ANGOFF, Respondent,**

v.

**HOLLAND–AMERICA COMPANY TRUST, Mission Reinsurance Corporation Trust, and Mission Insurance Company Trust, Defendants, and Danielson Holding Corporation, Appellant.**

**No. WD 54346.**

Missouri Court of Appeals, Western District.

June 16, 1998.

Gregory Fourney, Kansas City, for Appellant.

John C. Craft, Kansas City, for Respondent.

SPINDEN, Judge.

Danielson Holding Corporation appeals from the circuit court's order to permit recovery of interest on claims for distribution of assets of the Mission Reinsurance Corporation Trust which is in receivership under the Department of Insurance's supervision. We dismiss the appeal for lack of jurisdiction.

Danielson Holding, formerly Mission Insurance Group, Inc., had its headquarters in California and held five insurance subsidiaries. After the courts ordered that Mission Insurance Group and its subsidiaries be placed in receivership in California in 1985 and after the firm initiated Chapter 11 bankruptcy, Missouri's department of insurance instituted receivership proceedings against the three Danielson insurance subsidiaries which were connected to Missouri: Mission Reinsurance Corporation, Holland–America Insurance Company, and Mission Insurance

Company. On March 6, 1987, the circuit court declared the companies to be insolvent.

In an agreement between the California and Missouri courts in 1990, the assets and liabilities of the five insurance subsidiaries were transferred to five separate trusts, and the trusts were substituted as parties for the subsidiaries in the state liquidation proceedings. In an order of April 19, 1990, the circuit court reaffirmed its jurisdiction as the domiciliary receivership court of the Mission Reinsurance Corporation and Holland–America Insurance Company trusts.

On December 6, 1996, Jay Angoff, director of the Department of Insurance and the court-appointed receiver of the companies, asked the circuit court to approve his plan for distributing assets of the Mission Reinsurance Corporation Trust. He asked permission to assess statutory interest pursuant to § 408.020 [1] on claims allowed against the trust from March 6, 1987, the date of liquidation, through the date of payment of each claim. He contended that § 375.700.1 authorized interest by virtue of its authorizing payment of "other debts." He estimated that claims would total $20 million and that interest would be $17.7 million. The trust assets had a market value of slightly less than $46.5 million.[2]

On April 3, 1997, the circuit court approved the requested interest payments. Danielson Holding appeals that order.

■ We first question our jurisdiction to address Danielson Holding's appeal of the circuit court's order allowing interest on claims.[3] Right of appeal is governed by statute. MO. CONST. art. V, § 5 (1945); Committee for Educational Equality v. State of Missouri, 878 S.W.2d 446, 450 (Mo. banc 1994). The insurance code is the exclusive code for the regulation and supervision of insurance companies. State of Missouri, ex rel. Melahn v. Romines, 815 S.W.2d 92, 94 (Mo.App.1991).

■ Under the insurance code, appeals generally are governed by § 375.630.[4] Specifically, § 375.630.4 says:

If the finding be for the plaintiff, the court shall render such orders, decrees and judgments as are allowed by sections 375.1150 to 375.1246. Such decree or judgment shall, for all purposes of an appeal, be considered a final judgment, and the defendant may appeal from the same as in other civil cases; provided, the appeal be prayed for and perfected within five days after such judgment, and that the bond shall be for such an amount as the court may fix; and provided, that no appeal nor supersedeas bond shall operate as a dissolution of the order of the court.

Danielson Holding has two insurmountable hurdles standing in the way of its appeal: identifying a final, appealable judgment, and avoiding the statute's five-day limit for filing an appeal.

Section 375.630.4 makes a distinction between decrees and judgments, which can be appealed, and orders, for which no provision is made for appeal. Even if the General Assembly intended to allow appeal from an order, however, Rule 74.01's requirement that a judgment be denominated a "judgment" would override the statute.

Missouri's constitution authorizes the Supreme Court to "establish rules relating to practice, procedure and pleading for all

**1.** All citations to statutes refer to the 1994 Revised Statutes.

**2.** These estimates were in a receiver's report of projected claims and assets dated December 10, 1996.

**3.** After Danielson Holding filed its appeal, we questioned whether the circuit court had entered a final, appealable judgment. After soliciting suggestions from both parties, we took the issue under advisement, and both parties have briefed the issue.

**4.** Other sections within Chapter 375 apply to appeals of specific kinds of orders or apply only to certain kinds of insurers: §§ 375.775 and 375.776 (governing Property and Casualty Insurance Guaranty Association); § 375.790 (governing appeal from foreign decree); § 375.1012 (governing insurers subject to cease and desist orders for improper claims practice); § 375.1176.7 (governing procedure during pendency of appeal of order of liquidation); § 375.1196 (governing creditors who receive voidable preference); § 375.1204 (governing actions for payment of unearned premiums); and § 375.1214 (governing appeal of claim denial).

courts ... which shall have the force and effect of law." Article V, § 5 (1945). The Supreme Court has mandated in Rule 41.02 that its rules, if properly promulgated, will "supersede all statutes and existing court rules inconsistent therewith[,]" and "if there is a conflict between [the Supreme Court's] rules and a statute, the rule always prevails if it addresses practice, procedure or pleadings." *State ex rel. Union Electric Company v. Barnes,* 893 S.W.2d 804, 805 (Mo. banc 1995). Rule 74.01(a), which was amended in 1995, says:

> "Judgment" as used in these rules includes a decree and any order from which an appeal lies. A judgment is rendered when entered. A judgment is entered when a writing signed by the judge *and denominated "judgment"* is filed. The judgment may be a separate document or included on the docket sheet of the case.[5]

Interpreting Rule 74.01(a) and whether a writing constitutes a final, appealable judgment, the Supreme Court has instructed:

> [T]he written judgment must be signed by the judge and must be designated a "judgment." Whether the designation "judgment" appears as a heading at the top of the writing, within the body of the writing in some other manner, or in the entry on the docket sheet, it must be clear from the writing that the document or entry is being "called" a "judgment" by the trial court. Depending upon the text, mere use of the word "judgment" in the body of the writing or docket entry may not suffice.

*City of St. Louis v. Hughes,* 950 S.W.2d 850, 853 (Mo. banc 1997).

Nowhere in the circuit court's docket entry or in its order does "judgment" appear. Danielson Holding, therefore, is not appealing a final, appealable order, and we lack jurisdiction to consider the appeal.

■ Even if this were not the case, we would be obligated to dismiss Danielson Holding's appeal as untimely. Section 375.630.4 requires that appeal from a decree or judgment be perfected within five days of the entry of the judgment. The circuit court issued its order on April 3, 1997. Danielson

Holding did not file its notice of appeal until May 7, 1997.

Danielson Holding endeavors to avoid this result by urging us to apply the general rules governing appeals in § 512.020. We reject the suggestion. The provisions of the insurance code are "summary and special" and "'complete' in themselves." *Melahn v. Continental Security Life Insurance Company,* 793 S.W.2d 425, 428 (Mo.App.1990) (quoting *O'Malley v. Continental Life Insurance Company,* 335 Mo. 1115, 75 S.W.2d 837, 838 (1934)). This court held in *Melahn* that § 375.630 prevails over §§ 512.020 and 512.050 and Rules 81.04 and 81.05. *Id.* at 429–30.

We, therefore, dismiss Danielson Holding's appeal for lack of jurisdiction.

BRECKENRIDGE, P.J., and LOWENSTEIN, J., concur.