Keith WENZEL, Director of Insurance, succeeding A.W. McPherson, Acting Director of Insurance, succeeding Jay Angoff in his capacity as Director of Insurance and Receiver for Holland–America Insurance Company Trust, Mission Reinsurance Corporation Trust, and Mission Insurance Company Trust, Respondent,

v.

HOLLAND–AMERICA INSURANCE COMPANY TRUST, a Missouri Insurance Corporation, et al., Defendants,

Danielson Holding Corporation, Appellant.

No. SC 81862.

Supreme Court of Missouri, En Banc.

March 21, 2000.

Gregory P. Forney, Kansas City, for appellant.

John C.Craft, William C. Jolley, Thomas W. Rynard, Kenton E. Snow, Kansas City, for respondent.

ANN K. COVINGTON, Judge.

Danielson Holding Corporation (Danielson) appeals from the circuit court's judgment approving the allowance of interest at the statutory rate of nine percent per annum under section 408.020, RSMo 1994,[1] on claims under a plan of distribution of the assets of the Mission Reinsurance Corporation Trust (MRC Trust), which is in receivership under the supervision of the Missouri Department of Insurance. After opinion by the Missouri Court of Appeals, Western District, this Court granted transfer. The judgment of the trial court is affirmed.

Danielson, formerly Mission Insurance Group, Inc., was headquartered in California. It held five insurance subsidiaries. A California court placed Danielson and its subsidiaries in receivership in California in 1985. After Danielson initiated chapter 11 bankruptcy proceedings, the Missouri Department of Insurance instituted receivership proceedings against the three Danielson insurance subsidiaries that were connected to Missouri: Mission Reinsurance Corporation, Holland–America Insurance Company, and Mission Insurance Company. On March 6, 1987, the circuit court declared the companies insolvent.

In an agreement between the California and Missouri courts in 1990, the assets and liabilities of the five Danielson insurance subsidiaries were transferred to five separate trusts, which were substituted as parties for the subsidiaries in the state liquidation proceedings. By order dated April 19, 1990, the trial court reaffirmed its jurisdiction as the domiciliary receivership court of the MRC Trust and Holland–America Insurance Company Trust.

On December 6, 1996, Jay Angoff, then director of insurance and the court-appointed receiver of the companies,[2] asked the trial court to approve his plan for distributing assets of the MRC Trust. He requested permission to assess statutory interest, pursuant to section 408.020, on claims allowed against the trust calculated for the period beginning March 6, 1987,

---

1. References to section 375.700 are to RSMo Supp.1996. All other statutory references are to RSMo 1994.

2. Jay Angoff resigned as director of the department of insurance effective October 31, 1998. A.W. McPherson then served as acting director. Keith Wenzel is currently the director of the department, as well as the domiciliary receiver and trustee of the MRC Trust and the HIC Trust. In accordance with Rule 52.13(d), this Court has *sua sponte* substituted Wenzel for McPherson, after Angoff, as a party to this lawsuit.

through the date of payment of each claim. He estimated that claims would total $20 million and that prejudgment interest would be $17.7 million, based on his computation beginning on the date the claims became payable, March 6, 1987. At that time, the trust assets had a market value of slightly less than $46.5 million. Of the $46.5 million, approximately $7 million, before interest, represented property of the estate of the Holland–America Insurance Company Trust (HIC Trust), which was being held by the MRC Trust for the benefit of the HIC Trust.

The trial court approved the portion of the distribution plan relating to the principal on December 10, 1996. After taking the issue of prejudgment interest under advisement, the trial court approved the requested interest payments on April 3, 1997. Danielson appealed. On appeal, in the case of *Angoff v. Holland–America Co. Trust,* 969 S.W.2d 351 (Mo.App.1998), the court of appeals dismissed Danielson's appeal for lack of jurisdiction, finding that the trial court's April 3, 1997, order approving interest payments was not a final judgment from which it could appeal. *Id.* at 353.

On July 20, 1998, Danielson filed a motion to amend the trial court's April 3 order, seeking to have the order properly denominated a judgment from which an appeal could be taken. On July 24, 1998, the trial court amended its April 3 order and denominated it a judgment. On July 24, 1998, Danielson filed a motion to set aside the July 24 judgment on the basis that the parties' counsel had not been properly served with notice of the judgment. On August 11, 1998, the trial court reissued its July 24 judgment. Danielson appealed.

■ The issue on appeal is whether the trial court was authorized to approve the receiver's request for the payment of statutory interest on allowed claims where the receivership assets exceeded the sum necessary to satisfy the principal amount of all claims due and payable. Danielson claims

that the trial court "lacked jurisdiction" to award interest because the court's jurisdiction in an insurance receivership proceeding is limited to the exclusive provisions of the insurance code, chapter 375, which does not specifically provide for the recovery of interest on claims for distribution of receivership assets.

■ Danielson is correct that the insurance code is the exclusive source of the receiver's authority in the context of insolvent insurance companies. *State ex rel. Missouri State Life Ins. Co. v. Hall,* 330 Mo. 1107, 52 S.W.2d 174, 177–78 (banc 1932). Danielson is also correct in his assertion that nowhere in chapter 375 can the term "prejudgment interest" be found and that, absent authority in the code, the receiver cannot act. *See State ex rel. Melahn v. Romines,* 815 S.W.2d 92, 94 (Mo. App.1991). The fact that specific language regarding the payment of prejudgment interest is not found in the code does not, however, end the inquiry.

■ Among the provisions of the insurance code to which the receiver refers for his authority to request, and for the trial court's authority to approve, prejudgment interest on allowed claims is subsection 1 of section 375.1220. It provides, in pertinent part:

The liquidator shall review all claims duly filed in the liquidation and shall make further investigation as he shall deem necessary. He may compound, compromise or in any other manner negotiate the amount for which claims will be allowed, under the supervision of the court, except where the liquidator is required by law to accept claims as settled by any person or organization. Unresolved disputes shall be determined under section 375.1214.

Danielson does not dispute that the claims upon which the receiver paid the principal were duly filed, as required by the first sentence of the subsection. The second sentence then authorizes the receiver to "compound, compromise or in any other

manner negotiate the amount for which claims will be allowed...." This sentence, by its plain language, confers broad powers upon the receiver in making payments upon properly submitted claims. It is in giving definition to the words that the broad authority becomes evident.

The words "compound," "compromise," and "negotiate" are not defined in chapter 375. This Court, therefore, refers to standard dictionary definitions to supply ordinary meaning. *Whitby v. Director of Revenue*, 896 S.W.2d 636, 638–39 (Mo. banc 1995). To "compound" is "to settle amicably, adjust by agreement" or, alternatively, "to add to, augment." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 466 (1961). "Compromise" is defined as "to adjust or settle (a difference) between parties." *Id.* at 468. "Negotiate" means "to communicate or confer with another so as to arrive at the settlement of some matter." *Id.* at 1514.

In compounding, compromising, and negotiating, therefore, the receiver is authorized to set the terms by which any and all properly submitted claims will be paid. The receiver may settle claims either by increasing or decreasing the claimed amount. This reading of the legislature's use of the words "compound," "compromise," and "negotiate" in subsection 1 of section 375.1220 is consistent with the legislative intent that the receiver's general duty is to review and settle claims in a fair manner on behalf of the insolvent insurer. *See generally* section 375.660.1; *Lucas v. Manufacturing Lumbermen's Underwriters*, 349 Mo. 835, 163 S.W.2d 750, 757 (1942).[3] Pursuant to subsection 1 of section 375.1220, therefore, the receiver was authorized to request the payment of prejudgment interest and the trial court was authorized to approve the request.

Danielson contends that the last sentence of subsection 1 precludes the trial court from authorizing the receiver's request. The last sentence provides, "No claim under a policy of insurance shall be allowed for any amount in excess of the applicable policy limits or without regard to policy deductibles." Danielson's argument on this point is limited to the observation that "[a]rguably, the last sentence of RSMo. [section] 375.1220.1 suggests that no 'extra contractual' amounts should be paid as part of any insolvency proceeding." Even assuming, arguendo, that Danielson's interpretation of the language is correct, it is an argument that need not be reached in this case. Danielson does not assert that the claims presented against and approved by the receivership, which appear to be based upon reinsurance contracts, constitute claims "under a policy of insurance," nor does it allege that the amounts requested in this case would be "in excess of the applicable policy limits." Danielson's contention, therefore, is without merit.

In conclusion, because subsection 1 of section 375.1220 authorizes the receiver to request the payment of prejudgment interest as part of the settlement of claims against an insolvent insurer, the trial court was authorized to approve the receiver's proposed settlement.

The judgment of the trial court is affirmed.

All concur.

---

**3.** Danielson does not contend that, if the receiver is authorized to award payment, the trial court abused its discretion or acted arbitrarily in approving the receiver's request for the payment of prejudgment interest.