INTACO EQUIPMENT CORPORATION y OTROS, demandantes y recurridos, *v.* ARELIS CONSTRUCTION y OTROS, demandados, y SANTANDER FEDERAL SAVINGS, tercero demandado; COMISIONADO DE SEGUROS DE PUERTO RICO, peticionario.

*Número:* CE-94-302          *Resuelto:* 13 de mayo de 1997

*Nelson Robles Díaz*, abogado del peticionario.

PER CURIAM: El Comisionado de Seguros de Puerto Rico, en su capacidad de liquidador de la Corporación Insular de Seguros, plantea que los pleitos pendientes contra un asegurador en liquidación deben ser remitidos ante el foro administrativo del procedimiento de liquidación de acuerdo con el Art. 40.210 del Código de Seguros de Puerto Rico, 26 L.P.R.A. sec. 4021. Tiene razón.

# I

El 29 de marzo de 1990, Intaco Equipment Corp., Intaco Aluma, Corp., e Intaco Corp. (en adelante Intaco) presentaron una demanda en cobro de dinero contra Arelis Construction (en adelante Arelis), en el entonces Tribunal Superior, Sala de San Juan. Posteriormente la parte demandante presentó una demanda enmendada para incluir a la aseguradora Corporación Insular de Seguros como fiadora de la parte demandada.

Intaco alegó, en lo sustancial, que Arelis le adeudaba ciertas cantidades de dinero en concepto de cánones de arrendamiento de equipo para la construcción del proyecto "El Rosario" localizado en Toa Baja y que la Corporación Insular de Seguros era responsable por dicha suma de dinero como fiadora de la parte demandada.(1)

El 21 de diciembre de 1992, mientras se estaba tramitando el pleito del caso de autos, el Tribunal Superior, Sala de San Juan (Hon. Antonio L. Corretjer Piquer, Juez), emitió una orden en el caso *Ralph J. Rexach Chandri v. Corporación Insular de Seguros*, KAC 92-1745, mediante la cual se declaró a dicha aseguradora insolvente y dispuso su liquidación según el procedimiento establecido en el capítulo 40 del Código de Seguros de Puerto Rico, 26 L.P.R.A. sec. 4001 y ss. Luego de varios incidentes procesales, incluso la paralización de los procedimientos, el 21 de enero de 1994 el Comisionado de Seguros, en su capacidad de liquidador de la Corporación Insular de Seguros, compareció e informó al tribunal que sus abogados asumían la representación legal de la Corporación y, al mismo tiempo, solicitó una nueva paralización de los procedimientos. Posteriormente, el 11 de marzo de 1994, el Comisionado de Seguros solicitó la desestimación de la reclamación en con-

---

(1) El 15 de junio de 1992 la Corporación Insular de Seguros presentó demanda contra tercero para responsabilizar al Santander Federal Savings Bank por alegada negligencia al no ejercer la supervisión adecuada en los desembolsos de dinero hechos al dueño de la obra.

tra de la Corporación por el fundamento de que el tribunal había perdido su jurisdicción a tenor con lo dispuesto por el Art. 40.210 del Código de Seguros de Puerto Rico, *supra*. El tribunal de instancia declaró sin lugar dicha moción y ordenó la continuación de los procedimientos. Inconforme, el Comisionado de Seguros interpuso ante nos el presente recurso. Así las cosas, concedimos un término a los demandantes recurridos para que comparecieran por escrito a mostrar causa por la cual no debiera revocarse la resolución recurrida y ordenarse la desestimación de la reclamación entablada en contra de la Corporación Insular de Seguros en virtud de lo dispuesto por el Art. 40.210 del Código de Seguros de Puerto Rico, *supra*.

Los demandantes recurridos no cumplieron con nuestra orden de mostrar causa. Procedemos, pues, a resolver según lo intimado.

## II

El Comisionado de Seguros sostiene que el capítulo 40 del Código de Seguros de Puerto Rico tiene como objetivo principal centralizar en un solo procedimiento judicial todos los reclamos en favor y en contra de un asegurador en liquidación.

En *Asoc. de Garantía v. Commonwealth Ins. Co.*, 114 D.P.R. 166, 173 (1983), expresamos que "[e]n Puerto Rico, el proceso de liquidación de los activos de un asegurador insolvente se rige por las disposiciones de la Ley Uniforme de Liquidación de Aseguradores, incorporada a nuestro Derecho en los Arts. 40.070 a 40.140 del Código de Seguros, 26 L.P.R.A. secs. 4007–4014. Es propósito principal de esta legislación proveer un método justo y equitativo para la distribución de los activos de un asegurador en quiebra".

En *Calderón, Etc. v. The Commonwealth Ins. Co.*, 111 D.P.R. 153, 154 (1981), habíamos ya resuelto que los Arts. 40.040, 40.190 y 40.130 del Código de Seguros de Puerto Rico, 26 L.P.R.A. secs. 4004, 4079 y 4073, entonces vigentes, "con substancial claridad indica[ba]n el propósito de

reunir todas las reclamaciones en la oficina del Comisiona-do-Administrador en orden a la eficiente y más pronta consideración y adjudicación de las mismas".

Mediante la Ley Núm. 72 de 17 de agosto de 1991 (26 L.P.R.A. sec. 3801 n. y ss.) se derogaron los Capítulos 38, 39 y 40 del Código de Seguros de Puerto Rico y se sustituyeron por unos nuevos capítulos 38, 39 y 40.

El Art. 40.210 del vigente Código de Seguros de Puerto Rico, *supra*, establece en lo pertinente:

> Sec. 4021.—Acciones por y contra
> (1) Al emitirse una orden nombrando un liquidador de una aseguradora del país o de un asegurador foráneo domiciliado en Puerto Rico, no se radicará ninguna acción judicial contra el asegurador o contra el liquidador, ni en Puerto Rico ni en cualquier otro lugar, *ni se mantendrá ni instará una acción de esa naturaleza luego de emitida la orden.* (Énfasis suplido.)

En el Informe de la Cámara de Representantes de 4 de junio de 1991 se señaló en relación con el Art. 40.210, *supra*:

> No se radicará ninguna acción judicial contra el asegurador o liquidador ni se mantendrán acciones de esa naturaleza luego de emitida la orden de liquidación. Esto es cónsono con la decisión de nuestro Tribunal Supremo en *Calderón, Rosa Silva, Vargas vs. The Commonwealth Insurance Co.*, 111 D.P.R. 153 (1981) donde el Tribunal indica que toda reclamación contra el asegurador en liquidación debe dirigirse para su trámite administrativo al Comisionado de Seguros como Administrador-Liquidador, aún cuando se hubiese instado demanda en cobro de dicha reclamación ante los tribunales de justicia.

Resulta claro que la intención legislativa al aprobar el referido Art. 40.210 fue establecer un procedimiento cónsono con nuestra decisión en *Calderón, Etc. v. The Commonwealth Ins. Co.*, supra.

■ El procedimiento de liquidación de un asegurador insolvente es un procedimiento especial de naturaleza estatutaria, por lo que la jurisdicción de los tribunales está limitada por el estatuto que la rige. Véanse: *Anderson v. Great Republic Life Ins. Co.*, 106 P.2d 75 (1940); *Caminetti*

*v. Imperial Mut. Life Ins. Co.*, 129 P.2d 432 (1942); *Melahn v. Continental Sec. Life Ins. Co.*, 793 S.W.2d 425 (1990); *Ratchford v. Proprietors' Ins. Co.*, 546 N.E.2d 1299 (1989).

El Capítulo 40 del Código de Seguros de Puerto Rico contiene una mayor eficiencia y economía en las liquidaciones, reduciendo a un mínimo los conflictos legales y una disminución de los problemas hasta ahora habidos entre las asociaciones de garantía de los diversos estados por falta de una legislación uniforme. Para lograr este propósito se adoptó sustancialmente la legislación modelo de la Asociación Nacional de Comisionados de Seguros (NAIC). El Art. 40.210 del Código de Seguros de Puerto Rico, *supra,* es sustancialmente similar a la Sec. 5 de *NAIC Model Act.* Véase la Exposición de Motivos de la Ley Núm. 72 de 17 de agosto de 1991, Leyes de Puerto Rico (Parte 1) 320–321.

■ Sin lugar a dudas, el historial legislativo del capítulo 40 del Código de Seguros de Puerto Rico indica que las acciones contra un asegurador en proceso de liquidación deben remitirse al procedimiento de liquidación bajo la supervisión del tribunal con jurisdicción sobre éste.

Como nos señala el Comisionado de Seguros, esto no significa que la parte demandante quedará sin protección, pues de la determinación del liquidador, el reclamante podrá recurrir en revisión al tribunal con jurisdicción. Art. 40.360 del Código de Seguros de Puerto Rico, 26 L.P.R.A. sec. 4036.

Por los fundamentos expuestos, *se dictará sentencia para revocar la resolución recurrida dictada por el tribunal de instancia el 21 marzo de 1994 y, en consecuencia, se decretará la desestimación de la reclamación en contra de la Corporación Insular de Seguros sin perjuicio de que tal reclamación sea presentada nuevamente ante el Comisionado de Seguros en su capacidad de Administrador-Liquidador de acuerdo con los procedimientos adoptados por éste a tales fines.*

La Juez Asociada Señora Naveira de Rodón concurre con el resultado sin opinión escrita.