EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Iris Beth Rodríguez Quiñones<br><br>Peticionaria<br><br>v.<br><br>Longhorn Steakhouse San Patricio y/o Longhorn Steakhouse Restaurant y/o Corporación ABC H/N/C Longhorn Steakhouse Restaurant, Real Legacy Assurance Company, Aseguradora XYZ<br><br>Recurridos | Certiorari<br><br>2019 TSPR 65<br><br>202 DPR ____ |

Número del Caso: CC-2018-995


Fecha: 9 de abril de 2019


Tribunal de Apelaciones:


     Región Judicial de Bayamón-Carolina Panel VII


Abogado de la parte peticionaria:

     Lcdo. Luis Raúl Albaladejo


Comisionado de Seguros de Puerto Rico:

     Lcdo. Javier A. Rivera Vaquer


Asociación de Garantías de Seguros Misceláneos de Puerto Rico:

     Lcda. Miriam González Olivencia


Materia: Sustitución de parte y paralización temporera en casos sobre reclamaciones cubiertas por la Asociación de Garantía de Seguros Misceláneos de Puerto Rico, luego de decretarse la insolvencia de la compañía aseguradora.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Iris Beth Rodríguez Quiñones<br><br>Peticionaria<br><br>v.<br><br>Longhorn Steakhouse San Patricio y/o Longhorn Steakhouse Restaurant y/o Corporación ABC H/N/C Longhorn Steakhouse Restaurant, Real Legacy Assurance Company, Aseguradora XYZ<br><br>Recurridos | CC-2018-0995 | *Certiorari* |

PER CURIAM

En San Juan, Puerto Rico, a 9 de abril de 2019.

¿Procede desestimar un pleito judicial contra una aseguradora insolvente para remitirlo al foro que administra su liquidación cuando el seguro involucrado en la reclamación consiste en una póliza de responsabilidad pública? Debido a que este tipo de seguro está a su vez cubierto por la Asociación de Garantía de Seguros Misceláneos de Puerto Rico, respondemos en la negativa. En consecuencia, resolvemos que en tales casos lo único que procede es paralizar temporeramente el pleito judicial para otorgarle tiempo a esta entidad a que comparezca al mismo en sustitución de la aseguradora insolvente y defienda la reclamación entablada en su contra.

Con este adelanto, examinemos los incidentes pertinentes al asunto bajo nuestra consideración.

I

En esta ocasión, debemos dirimir una cuestión estrictamente procesal. Por ello, basta con reseñar que el caso de epígrafe versa sobre una acción en daños y perjuicios incoada por la Sra. Iris B. Rodríguez Quiñones (peticionaria) contra el restaurante Longhorn Steakhouse (Longhorn). En síntesis, la peticionaria alegó que Longhorn le sirvió una bebida en un recipiente que contenía fragmentos de vidrio y que, tras ingerir su contenido, sufrió una perforación intestinal, entre otros daños físicos y emocionales. Además, la peticionaria acumuló en el pleito a Real Legacy Assurance Company, Inc. (Real Legacy), con quien Longhorn suscribió una póliza de responsabilidad pública para cubrir reclamaciones de tal índole.

Luego de celebrar el juicio, el Tribunal de Primera Instancia concedió la demanda y condenó a Longhorn y a Real Legacy al pago de determinadas sumas por concepto de indemnización y honorarios por temeridad. En apelación, el Tribunal de Apelaciones revocó el dictamen por entender que no se demostró el vínculo causal de la reclamación. En desacuerdo, la peticionaria recurrió ante este Foro mediante un recurso de certiorari que expedimos el 25 de enero de 2019.

Así las cosas, el 19 de febrero de 2019, el Comisionado de Seguros de Puerto Rico (Comisionado de Seguros) presentó una comparecencia especial intitulada Moción de desestimación o paralización. En ésta, nos informó que el 18 de enero de 2019, en un pleito independiente, el Tribunal de Primera Instancia decretó la insolvencia de Real Legacy y ordenó el inicio del procedimiento para su liquidación a tenor con las disposiciones del Capítulo 40 del Código de Seguros de Puerto Rico (Código de Seguros), 26 LPRA secs. 4001-4054.[1] De ese modo, el Comisionado de Seguros nos solicitó que desestimáramos la causa de acción contra Real Legacy y, además, que paralizáramos este pleito para permitirle a la Asociación de Garantía de Seguros Misceláneos de Puerto Rico (Asociación de Garantía) a comparecer a representar los intereses de Real Legacy.

En atención a lo planteado por el Comisionado de Seguros, el 1 de marzo de 2019 concedimos un término tanto a las partes como a la Asociación de Garantía para que expresaran su posición. Todos comparecieron oportunamente. Así, pues, contando con el beneficio de sus escritos y a la luz del derecho aplicable, examinemos el marco legal que gobierna el asunto ante nuestra consideración.

**II**

---

[1] El procedimiento se ventila en el Tribunal de Primera Instancia, Sala de San Juan, en el caso Comisionado de Seguros de Puerto Rico v. Real Legacy Assurance Company, Inc., Civil Núm.: SJ2018CV08272.

Cuando una compañía aseguradora adviene en estado de insolvencia y los intentos por rehabilitar sus finanzas resultan fútiles, nuestro Código de Seguros faculta al Comisionado de Seguros a solicitar del Tribunal de Primera Instancia una orden autorizándole a liquidar la aseguradora insolvente. Art. 40.140 del Código de Seguros, 26 LPRA sec. 4014. Este procedimiento de liquidación se inicia a partir de la orden de liquidación emitida por el tribunal competente. En ésta, se designa al Comisionado de Seguros como el liquidador de la aseguradora insolvente y se le autoriza a tomar posesión inmediata de sus activos para administrarlos bajo la supervisión de dicho tribunal. Art. 40.150 del Código de Seguros, 26 LPRA sec. 4015.

Una vez se emite la orden de liquidación, el Código de Seguros impide que se inicien o se mantengan pleitos judiciales contra la aseguradora insolvente. A esos efectos, el Art. 40.210 del Código de Seguros, 26 LPRA sec. 4021, establece en su parte pertinente que:

> Al emitirse una orden nombrando un liquidador de un asegurador del país . . . no se radicará ninguna acción judicial contra el asegurador o contra el liquidador, ni en Puerto Rico ni en cualquier otro lugar, ni se mantendrá ni instará una acción de esa naturaleza luego de emitida la orden.

Al interpretar el alcance de la norma anterior, este Tribunal ha explicado en varias ocasiones que, como norma general, los pleitos pendientes contra el asegurador insolvente deben ser desestimados y remitidos al foro que administra el procedimiento de liquidación. Véanse,

A.I.I.Co v. San Miguel, 161 DPR 589, 599 (2004); San José Realty, S.E. v. El Fénix de PR, 157 DPR 427, 441 (2002); Intaco Equipment Corp. v. Arelis Const., 142 DPR 648, 650 (1997) (per curiam). El propósito de consolidar todas las reclamaciones en el foro de liquidación "[e]s evitar y prevenir que alguien obtenga algún tipo de preferencia, sentencia, embargo o privilegio, en detrimento del resto de los acreedores [,] de modo que la liquidación de los activos se realice de una manera justa". San José Realty, S.E. v. El Fénix de PR, supra, pág. 442.

No obstante, existen reclamaciones que, **a modo excepcional**, no tienen que ser desestimadas y remitidas al foro de liquidación. Ello sucede en aquellas reclamaciones por las cuales la Asociación de Garantía, por virtud de ley, viene obligada a responder por la aseguradora insolvente. Íd., págs. 447-448. En ese sentido, la Asociación de Garantía opera para todos los efectos como "una aseguradora de la aseguradora insolvente". Íd., pág. 448.

Por tal razón, la continuación de los procedimientos judiciales que atañen este tipo de reclamaciones no interfiere con el procedimiento de liquidación, ni con las facultades del Comisionado de Seguros, ni afectaría los activos de la aseguradora insolvente de recaer una sentencia en su contra. Íd. Ello es así, pues la Asociación de Garantía responderá por el pago de la sentencia que en su día pueda recaer, de conformidad con

los límites autorizados en el Código de Seguros. Íd. Véase, además, Art. 38.080(a)(2) del Código de Seguros, 26 LPRA sec. 3808(a)(2).

Los seguros cubiertos por la Asociación de Garantía se derivan de una lectura del Art. 38.030 del Código de Seguros, 26 LPRA sec. 3803, el cual -a modo taxativo- establece los seguros **no** cubiertos, disponiendo lo siguiente:

> Este capítulo se **aplicará a toda clase de seguro**, excepto reaseguro, **pero no será aplicable a**:
>
> (1)  Seguros de vida o incapacidad.
>
> (2)  Garantía hipotecaria, garantía financiera y otras formas de seguro que ofrezcan protección contra riesgos de inversiones.
>
> (3)  Seguro de garantía excepto el seguro de fidelidad que garantiza la probidad de los empleados públicos.
>
> (4)  Seguro de garantía de funcionamiento (warranty insurance) o de contratos de servicio.
>
> (5)  Seguro de título.
>
> (6)  Seguro marítimo-oceánico.
>
> (7)  Cualquier transacción o combinación de transacciones entre una persona (incluyendo las afiliadas de ésta) y un asegurador (incluyendo las afiliadas de éste) que envuelva la transferencia de riesgo de crédito o inversiones que no esté acompañada de una transferencia de riesgo de seguro.
>
> (8)  Cualquier seguro provisto o garantizado por el Gobierno. (Énfasis suplido).

Ahora bien, en aquellos pleitos que versan sobre reclamaciones cubiertas por la Asociación de Garantía, el

Art. 38.180 del Código de Seguros, 26 LPRA sec. 3818,

ordena a que:

> Todos los procedimientos donde el asegurador
> insolvente sea parte o venga obligado a defender a
> una parte ante un tribunal en Puerto Rico, **se
> paralizarán por un período de hasta seis (6) meses**
> y por aquel tiempo adicional que el tribunal
> conceda, a partir de la fecha en que se determinó
> la insolvencia . . . **para permitirle a la
> Asociación una defensa adecuada en todas las causas
> de acción pendiente** […]. (Énfasis suplido).

Este Tribunal ha resuelto que la paralización a la que

se refiere el Art. 38.180 del Código de Seguros, <u>supra</u>,

tan solo implica la suspensión temporera -**y no la

desestimación**- de la acción judicial pendiente. Así lo

explicamos en <u>San José Realty, S.E. v. El Fénix de PR</u>,

supra, pág. 448, cuando aclaramos que:

> No se trata de una prohibición de acciones
> judiciales, sino de una suspensión por un corto
> período de tiempo . . . para permitirle a la
> Asociación [de Garantía] una defensa adecuada en
> todas las causas de acción pertinentes . . .
> [D]icha excepción encuentra su razón de ser en las
> disposiciones . . . referentes a la [Asociación de
> Garantía], cuyo propósito es crear un mecanismo de
> pago de reclamaciones cubiertas bajo determinadas
> pólizas de seguro con el fin de evitar excesivas
> dilaciones en el pago [y] evitar pérdidas financieras
> a los reclamantes o tenedores de pólizas como
> resultado de la insolvencia de un asegurador […].
> Véase, además, <u>Ruiz v. New York Dept. Stores</u>, 146
> DPR 353, 372 (1998).

Por último, para que la Asociación de Garantía pueda

conocer cuáles son los pleitos en los que debe comparecer

por la aseguradora insolvente, es de trascendental

importancia que el **reclamante** -aquí la peticionaria-

presente oportuna y adecuadamente ante el foro de

liquidación el formulario de reclamación (<u>proof of claim</u>)

correspondiente. Véanse, Arts. 40.320 y 40.330 del Código de Seguros, 26 LPRA secs. 4032 y 4033. Lo anterior responde a que es el Comisionado de Seguros, en su capacidad de liquidador, quien debe remitir a la Asociación de Garantía los expedientes del asegurador insolvente que fueren necesarios para que la Asociación de Garantía desempeñe sus funciones respecto a las reclamaciones cubiertas. Art. 38.180 del Código de Seguros, supra. Véase, además, 1 New Appleman on Insurance Law Library Edition, Sec. 106.06 (2018) ("[G]uaranty associations receive claims files directly from the Liquidator . . . the guaranty association itself cannot accept POCs [proof of claims] on behalf of the Liquidator").

Expuesto el marco legal, procedamos a determinar el remedio adecuado a conceder en este caso.

**III**

Según narramos, el 18 de enero de 2019, el Tribunal de Primera Instancia decretó la insolvencia de Real Legacy y ordenó el procedimiento de liquidación correspondiente. Por tanto, a partir de esa fecha, se activó la protección que de ordinario provee el Código de Seguros, a los fines de impedir que se inicien o que continúen los pleitos judiciales contra ésta. De ese modo, el interesado en incoar una reclamación contra esta aseguradora insolvente deberá presentar la misma en la Sala del Tribunal de Primera Instancia que atiende el caso de liquidación,

acorde al modo y los términos establecidos en la <u>Orden de Liquidación</u> allí emitida. Lo mismo ocurre con los pleitos pendientes contra Real Legacy al momento que se decretó su insolvencia, pues, como norma general, estos tienen que ser desestimados y remitidos al foro que administra la liquidación.

Cuando el Tribunal de Primera Instancia emitió la <u>Orden de Liquidación</u> de Real Legacy, el pleito de epígrafe se encontraba ante nuestra consideración para ser adjudicado en sus méritos. Dado a ello, el Comisionado de Seguros, por conducto del Liquidador Auxiliar de Real Legacy, nos presentó una <u>Moción de Desestimación o Paralización</u>.[2] En ésta, se nos solicita por un lado que **desestimemos** este pleito en lo que respecta a Real Legacy, y por otro nos pide que **paralicemos** el pleito para concederle tiempo a la Asociación de Garantía a que comparezca a defender la causa pendiente contra Real Legacy. Adviértase que la petición de estos remedios -incompatibles por sus propios términos- emana de la noción incorrecta de que este pleito tiene que ser desestimado y remitido al foro de liquidación, y que es **allí** donde la Asociación de Garantía tiene que proveer defensa a Real Legacy.

---

[2]Aunque el Comisionado de Seguros hizo constar en la moción que comparecía representado por el Liquidador Auxiliar de Real Legacy, el Lcdo. Juan A. Moldes Rodríguez, nos percatamos que fue el Lcdo. Javier A. Rivera Vaquer quien aparecía como el abogado firmante en el documento. Éste último ha sido el abogado que ha representado a Real Legacy en todas las etapas de este pleito.

Ahora bien, como vimos y acertadamente reconoce la propia Asociación de Garantía, no tendrán que ser desestimados y remitidos al foro de liquidación aquellos litigios pendientes contra una aseguradora insolvente cuando el seguro objeto de la reclamación esté a su vez cubierto por la Asociación de Garantía. Así sucede en este caso, en el que no está en controversia que Real Legacy tenía expedida una póliza de responsabilidad pública a favor de Longhorn para responder por los daños alegados en este caso. Este tipo de seguro está cubierto por la Asociación de Garantía, sujeto, desde luego, a los límites establecidos en el Código de Seguros, supra, y, por tanto, no tiene que ser desestimado. Ciertamente, la posibilidad de que la Asociación de Garantía comparezca a este pleito también depende de que la peticionaria presente oportunamente el formulario de reclamación correspondiente en el foro de liquidación.[3]

---

[3]Según expusimos, en este caso el foro de liquidación es el Tribunal de Primera Instancia, Sala de San Juan, en el pleito Civil Núm.:SJ2018CV08272. En cuanto al término para presentar el formulario de reclamación, la Orden de Liquidación emitida el 18 de enero de 2019 concedió noventa (90) días, contados a partir de esa fecha, para así hacerlo. Para conocer en detalle cómo debe presentarse el formulario de reclamación en este caso, por conducto del Liquidador Auxiliar, véase, Oficina del Comisionado de Seguros, Aviso Importante-Real Legacy Assurance Company, Inc., http://ocs.gobierno.pr/ocspr/index.php/9-uncategorised/401-anuncio-3 (última visita, 5 de abril de 2019). Para acceder a los formularios de reclamación, véase, Oficina del Comisionado de Seguro, Formularios, http://ocs.gobierno.pr/ocspr/index.php/9-uncategorised/417-anuncio-4 (última visita, 5 de abril de 2019).

De ese modo, lo único que procede es reconocer la paralización automática de hasta seis (6) meses que dispone el Art. 38.180 del Código de Seguros, supra, en aras de otorgarle tiempo a la Asociación de Garantía para prepararse y comparecer **a este pleito** a defender en los méritos la acción entablada originalmente contra Real Legacy. Esa paralización entró en efecto a partir de la Orden de Liquidación emitida el 18 de enero de 2019 por el Tribunal de Primera Instancia en el procedimiento de liquidación y, con relación a este pleito, durará hasta que venza el período de seis (6) meses o hasta que la Asociación de Garantía solicite su desparalización, lo que ocurra primero.

**IV**

Por todo lo cual, se decreta la paralización y archivo administrativo de este caso por un término de seis (6) meses, contado a partir de la fecha en que fue emitida la Orden de Liquidicación en el procedimiento de liquidación de Real Legacy Assurance Company, Inc. Esta paralización durará hasta que venza el plazo de seis (6) meses o hasta que la Asociación de Garantía de Seguros Misceláneos de Puerto Rico solicite que se deje sin efecto, lo que ocurra primero.

Se dictará sentencia se conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Iris Beth Rodríguez Quiñones Peticionaria v. Longhorn Steakhouse San Patricio y/o Longhorn Steakhouse Restaurant y/o Corporación ABC H/N/C Longhorn Steakhouse Restaurant, Real Legacy Assurance Company, Aseguradora XYZ Recurridos | CC-2018-995 | Certiorari |
| --- | --- | --- |

SENTENCIA

San Juan, Puerto Rico, a 9 de abril de 2019.

Por todo lo cual, se decreta la paralización y el archivo administrativo de este caso por un término de seis (6) meses, contado a partir de la fecha en que fue emitida la Orden de Liquidicación en el procedimiento de liquidación de Real Legacy Assurance Company, Inc. Esta paralización durará hasta que venza el plazo de seis (6) meses o hasta que la Asociación de Garantía de Seguros Misceláneos de Puerto Rico solicite que se deje sin efecto, lo que ocurra primero.

Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo