Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| COMISIONADO DE SEGUROS DE PUERTO RICO **Apelante** V. INTEGRAND ASSURANCE COMPANY Y OTROS **Apelado** | KLAN202300675 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan Civil. Núm. SJ2019CV005526 Sobre: LIQUIDACIÓN DE COMPAÑÍA DE SEGUROS |
|---|---|---|

Panel Integrando por su presidente, el Juez Hernández Sánchez, la Jueza Santiago Calderón y la Jueza Álvarez Esnard.

Hernández Sánchez, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 26 de septiembre de 2023.

El 4 de agosto de 2023, el Comisionado de Seguros en su carácter de Liquidador de Integrand Assurance Company (el Comisionado o apelante) compareció ante nos mediante recurso de *Apelación* y solicitó la revisión de una *Sentencia Parcial* que se dictó y notificó el 7 de julio de 2023 por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI de San Juan). Mediante el aludido dictamen, el TPI declaró Ha Lugar la *Comparecencia Especial y Solicitud de Retiro de Fondos Consignados por Integrand* [...] que presentó el Sr. Erdy Quiñones Rivera (señor Quiñones o apelado). Consecuentemente, le ordenó a la Unidad de Cuentas del Tribunal a remitirle el dinero e intereses consignados por Integrand Assurance Company (Integrand) en el presente caso y provenientes del pleito Civil Núm. FCCI2008-00611 a favor del apelado.

Por los fundamentos que expondremos a continuación, **confirmamos** el dictamen recurrido.

## I.

A continuación, resumimos los hechos pertinentes para la disposición del recurso, los cuales surgen del expediente ante nuestra consideración y del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

El 11 de diciembre de 2008, el señor Quiñones y la Sra. Luz Figueroa Ortiz (señora Figueroa o en conjunto, los demandantes) presentaron una *Demanda* sobre daños y perjuicios en contra del Sr. Jorge E. Mercado (señor Mercado) y su aseguradora, Integrand.[1] Así la cosas, se celebró un juicio en su fondo y posteriormente, el 17 de agosto de 2010, el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI de Carolina) dictó *Sentencia*[2] en el caso Civil Núm. FCCI2008-00611 mediante la cual condenó al señor Mercado y a Integrand a indemnizarle la suma de $146,448.78 a los demandantes en concepto de daños y perjuicios sufridos más los intereses legales al 4.25% anual desde la presentación de la *Demanda* y $2,000.00 por concepto de honorarios de abogado. Por consiguiente, el **1 de octubre de 2010**, Integrand presentó un escrito intitulado *Moción Consignando Pago de Sentencia* mediante el cual consignó en el TPI de Carolina la suma inicial de $150,208.37 a favor de los demandantes.[3]

Inconforme con la cantidad consignada, el señor Quiñones acudió al foro intermedio impugnando dicha suma de dinero y mediante una *Sentencia en Reconsideración*[4] (KLAN201001686) el Tribunal de Apelaciones revocó la *Sentencia* que dictó el TPI en cuanto a las partidas concedidas y le ordenó a revalorizar la cantidad concedida por daños. En cumplimiento con este mandato,

---

[1] Véase págs. 44-46 del apéndice de la oposición del recurso.
[2] Íd., págs. 51-64.
[3] Íd., págs. 66-68. Cabe precisar que, de la cantidad antes mencionada, $25,000.00 le correspondían a la señora Figueroa. Dicha suma se le entregó a la co-demandante por el TPI mediante un cheque y, por ende, luego de eso ya no formaba parte del caso.
[4] Íd., págs. 71-95.

el TPI emitió una *Sentencia Enmendada* y condenó al señor Mercado y a Integrand a pagarle al señor Quiñones solidariamente la suma de $638,659.47.[5] Posteriormente, el 11 de septiembre de 2014, dicha cantidad se modificó por virtud de una *Sentencia* (KLAN201300915) que emitió el Tribunal de Apelaciones en la cual ordenó eliminar las partidas de honorarios de abogado e incapacidad.[6] El **7 de enero de 2015**, Integrand consignó una suma adicional de $434,185.02 en el TPI de Carolina.[7]

Así las cosas, el **13 de marzo de 2017**, el TPI de Carolina emitió una *Resolución* en la cual determinó que la consignación en pago de sentencia que efectuó Integrand estuvo correcta y que se incluyeron todas las partidas correspondientes a tenor con la *Sentencia* que dictó el Tribunal de Apelaciones el 11 de septiembre de 2014. Insatisfecho con el dinero consignado, el señor Quiñones impugnó esta *Resolución* ante el foro intermedio que confirmó el dictamen recurrido mediante una *Sentencia* (KLCE201700866) con fecha del 13 de diciembre de 2018.[8] La extensa litigación apelativa culminó el **17 de mayo de 2019** mediante una denegatoria por parte del Tribunal Supremo de expedir un recurso de *certiorari* que presentó el señor Quiñones ante dicho foro cuestionando aun la consignación realizada por Integrand.[9]

Paralelamente, en el caso Civil Núm. SJ2019CV05526, el 30 de mayo de 2019, la parte apelante presentó una *Petición de Orden para Rehabilitar Asegurador* en contra de Integrand. Luego de varios trámites procesales que no son pertinentes discutir, el 12 de septiembre 2019, el Comisionado solicitó que se convirtiera el procedimiento de rehabilitación en uno de liquidación.[10] Así pues,

---

[5] Íd. págs. 97-124.
[6] Íd., págs. 126-150.
[7] Íd., pág. 127.
[8] Íd., págs. 161-170.
[9] Íd., pág. 171.
[10] Véase, SUMAC, Entrada Núm. 184.

el **23 de septiembre de 2019**, el TPI de San Juan emitió una *Orden de Liquidación* que fue notificada el 25 de septiembre de 2019 en la cual estableció un procedimiento para la liquidación de los activos de Integrand conforme lo dispone el Art. 40 del Código de Seguros, infra.[11]

Mientras continuaban los trámites en el caso Civil Núm. SJ2019CV05526, el señor Quiñones Rivera presentó varias solicitudes para poder retirar el dinero consignado a su favor ante el TPI de Carolina. Integrand se opuso a dichas solicitudes argumentando, en síntesis, que el dinero consignado era parte de los activos que eran objeto de liquidación en el caso Civil Núm. SJ2019CV05526 y, por ende, el TPI de Carolina carecía de jurisdicción para atender cualquier asunto relacionado a las cantidades consignadas. Sin embargo, luego de evaluar los argumentos de ambas partes, el 23 de septiembre de 2020, el TPI de Carolina emitió una *Orden* que se notificó el 29 de septiembre de 2020 en la cual le ordenó a la Unidad de Cuentas del Tribunal a remitirle al señor Quiñones el dinero consignado.[12]

Mediante una comparecencia especial, el Comisionado presentó una solicitud de reconsideración que fue denegada y, por ende, Integrand acudió ante el Tribunal de Apelaciones (KLCE202001018) el cual expidió el recurso de *certiorari* y revocó la *Orden* recurrida.[13] Fundamentó su determinación en que era el TPI de San Juan en el caso Civil Núm. SJ2019CV05526 quien ostentaba la jurisdicción exclusiva para atender todo asunto relacionado con Integrand ya que al iniciarse el procedimiento de liquidación, el TPI de Carolina y el Tribunal de Apelaciones se quedó sin jurisdicción

---

[11] Véase, SUMAC, Entrada Núm. 196.
[12] Véase pág. 217 del apéndice de la oposición al recurso.
[13] Véase págs. 57-66 del apéndice del recurso.

para evaluar los argumentos sustantivos sobre quien era el dueño de los fondos depositados en el Tribunal.

Así las cosas y tras varios trámites procesales, el 10 de agosto de 2021, la Unidad de Cuentas del Tribunal de Carolina transfirió los fondos consignados al TPI de San Juan. Ante ello, el 15 de octubre de 2021, mediante una comparecencia especial, el señor Quiñones presentó una solicitud de retiro de fondos ante el referido foro.[14] En primer lugar, argumentó que desde que Integrand consignó en el TPI de Carolina la cantidad de $150,208.37 el 1 de octubre de 2010 y la suma de $638,659.47 el 7 de enero de 2015 para satisfacer su deuda, se había liberado de esta. Añadió que, el 13 de marzo de 2017, el TPI de Carolina declaró como correctas las cantidades consignadas por Integrand.

Particularmente sostuvo que el caso Civil Núm. FCCI2008-00611 había culminado con el mandato que emitió el Tribunal Supremo el 22 de mayo de 2019 denegando su recurso de *certiorari* impugnando la *Sentencia* del 13 de marzo de 2017. Por lo tanto, señaló que el 25 de septiembre de 2019, fecha en que el TPI de San Juan expidió la Orden que Liquidación, ya el otro caso había culminado por lo que los fondos consignados dejaron de ser parte del patrimonio de Integrand hacia años y, en consecuencia, no formaban parte del proceso de liquidación. Por estos motivos, le solicitó al TPI a que le entregara la totalidad del dinero consignado.

En respuesta, el 19 de noviembre de 2019, el Comisionado presentó una *Oposición a Moción Solicitando Retiro de Fondos*.[15] En esencia argumentó lo siguiente: (1) que el dinero que reclama el señor Quiñones es un activo del caudal de la liquidación de Integrand ; (2) que los fondos reclamados constituyen una transferencia de fondos que equivale a una preferencia anulable al

---

[14] Íd., págs. 1-13.
[15] Íd., págs. 14-30.

amparo del Art. 40.250 del Código de Seguros, infra; (3) que la solicitud del señor Quiñones podría constituir una ejecución de sentencia prohibida por el Art. 40.520 del Código de Seguros, infra; y, por último, (4) que el TPI de San Juan carece de jurisdicción para atender el reclamo del pago toda vez que dicha reclamación es una de cobro mediante una solicitud de intervención que no se permite por el Código de Seguros, infra. Posteriormente, el señor Quiñones presentó una Dúplica a la Oposición y el Comisionado presentó una Réplica a la Dúplica.

Luego de un análisis ponderado de los argumentos de ambas partes y el derecho aplicable, el 5 de julio de 2023, el TPI emitió una *Sentencia Parcial* que fue notificada el 7 de julio de 2023. En esta, declaró Ha Lugar la solicitud de retiro de fondos que presentó el señor Quiñones pues resolvió que el dinero consignado ya no formaba parte del caudal de Integrand al momento de la Petición de Rehabilitación y tampoco constituía un pago preferente conforme a los términos del Código de Seguros.

En síntesis, explicó que la *Resolución* del 13 de marzo de 2017[16], mediante la cual el TPI de Carolina declaró como correctas las cantidades consignadas por Integrand, tuvo el efecto de extinguir la obligación de pago de sentencia por Integrand. Puntualizó que dicha extinción a su vez se retrotrajo al 7 de enero de 2015, fecha en que se consignó el restante del dinero debido de la sentencia. Para apoyar dicha conclusión, discutió el caso de *TOLIC v. Rodríguez Febles,* 170 DPR 804, 820 (2007), en el cual el Tribunal Supremo estableció que en los casos en los que se declaraba correcta la consignación, los efectos del pago se retrotraían al momento del

---

[16] Cabe precisar que, el TPI señaló que a pesar de que esta *Resolución* fue objeto de un cause apelativo extenso, los tribunales de mayor jerarquía confirmaron dicho dictamen. Por lo tanto, expresó que a pesar de que dicho cauce apelativo finalizó con un mandato del Tribunal Supremo con fecha del 22 de mayo de 2019, confirmando que en efecto la consignación realizada por Integrand fue correcta, los efectos de la consignación se retrotraen al momento del depósito de la cosa por el deudor.

depósito de la cosa. Por lo tanto, concluyó que el 7 de enero de 2015, marcó el punto de transferencia patrimonial mediante el cual Integrand se desprendió de los fondos consignados para que estos fuesen puestos a la disposición del señor Quiñones.

Por otra parte, tomando en consideración lo antes expuesto, resolvió además que, el dinero consignado ya no se podía considerar una transferencia preferente pues al momento de haberse consumado y aceptado el pago por Integrand, ya había transcurrido el plazo de un (1) año que dispone el Art. 40.250 del Código de Seguros, *infra.* Por último, en cuanto al argumento del Comisionado de que la reclamación del apelado era una ejecución de sentencia, acto que está prohibido conforme a lo que dispone el Art. 40.050 del Código de Seguros, *infra*, determinó que dicho argumento era incorrecto. Fundamentó que la ejecución de una sentencia se lleva a cabo cuando el obligado por la sentencia no la cumple. Por ende, sostuvo que el acto de Integrand consignar el dinero hizo innecesario recurrir al mecanismo procesal de ejecución de sentencia que regula la Regla 51.1 de Procedimiento Civil, *infra.* Expresó que ello es así ya que poner la cosa bajo el poder de la autoridad judicial presupone la ejecución de un acto voluntario por parte del deudor. Así pues, resolvió que la solicitud de retiro que presentó el señor Quiñones no constituía una ejecución de sentencia, sino que encarnaba una acreencia sobre unos fondos que le pertenecen desde que fueron consignados el 7 de enero de 2015.

Inconforme con este dictamen, el 4 de agosto de 2023, el apelante presentó el recurso de epígrafe y formuló los siguientes señalamientos de error:

> **Erró el TPI al determinar que el dinero que reclama Quiñones Rivera no resulta ser un activo del caudal de la liquidación de Integrand.**

> **Erró el TPI al determinar que los fondos reclamados por Quiñones no constituyen una transferencia de fondos que equivale una preferencia anulable en**

**vista de que coloca a éste en mejor posición de cobro que los otros acreedores similarmente situados.**

**Erró el TPI al determinar que poseía jurisdicción sobre el reclamo de pago presentado por Quiñones Rivera toda vez que esto constituye una reclamación de cobro mediante una solicitud de intervención no permitida por el Código de Seguros y/o ausente un formulario de reclamación ante el proceso administrativo de la liquidación de integridad.**

Atendido el recurso, el 14 de agosto de 2023, emitimos una *Resolución* concediéndole a la parte apelada hasta el 5 de septiembre de 2023 para presentar su alegato en oposición. Oportunamente, el señor Quiñones presentó una *Oposición al Recurso Presentado* [...] y negó que el TPI cometiera los errores que el Comisionado le imputo.

Con el beneficio de la comparecencia de ambas partes procedemos a resolver.

II.

**-A-**

La consignación procura brindar a un deudor un mecanismo mediante el cual pueda realizar el depósito judicial de la cosa debida y liberarse de su obligación. *ASR v. Proc. Rel. Familia*, 196 DPR 944, 950 (2016). El depósito de la cosa estará bajo el poder de la autoridad judicial que retendrá y pondrá a disposición del acreedor. J. Vélez torres, *Derecho de Obligaciones*, 2da ed. Rev., San Juan, Programa de Educación Contínua, Universidad Interamericana, 1997, pág. 186. Particularmente, el Art. 1132 del Código Civil de 1930, 31 LPRA sec. ant. 3182[17], establece que la consignación se hará depositando las cosas debidas a disposición de la autoridad judicial y mediante la acreditación del ofrecimiento del pago al acreedor. Una vez se consigne la cosa debida, el deudor tendrá la obligación de notificárselo a las partes interesadas. Íd.

---

[17] Resaltamos que el cuerpo legal vigente en el momento que se presentó la *Demanda* era el Código Civil del 1930.

Ciertamente, la consignación supone una forma de pago que le permite al deudor solicitar a un tribunal que ordene la cancelación de la obligación. Sin embargo, el Art. 1131 del Código Civil, 31 LPRA sec. ant. 3181, establece que para que la consignación sea eficaz, el deudor debe ajustarse estrictamente a las disposiciones que regulen su pago. En otras palabras, para que la obligación se considere bien hecha y para que pueda constituir el pago de lo debido, es indispensable que el pago se haga "a la persona en cuyo favor estuviese constituida la obligación, o a otra autorizada para recibirla en su nombre". Art. 1116 del Código Civil, 31 LPRA sec. ant. 3166; *ASR v. Ex Parte Proc. Rel. Fam.*, supra, pág. 951.

Por otro lado, cabe precisar que el Art. 1134 del Código Civil, 31 LPRA sec ant. 3164, dispone que "[m]ientras el acreedor no hubiese aceptado la consignación, o no hubiere recaído declaración judicial de que está bien hecha", la obligación podría subsistir si el deudor retira la cuantía consignada. En fin, la consignación surte efecto en dos instancias, a saber: (1) mediante la aceptación de la cuantía consignada por parte del acreedor, o (2) por vía de una declaración judicial a los efectos de que la consignación se realizó conforme a derecho. *ASR v. Ex Parte Proc. Rel. Fam.*, supra, pág. 950.

Esta determinación judicial de que la consignación se hizo conforme a derecho es una declaración por parte del Tribunal de que la consignación está bien hecha, reconociéndole los efectos liberatorios que perseguía el deudor desde que depositó la cosa. *TOLIC v. Rodríguez Febles*, 170 DPR 804, 819-820 (2007). Así pues, los efectos liberatorios del depósito de la cosa deben surtir efecto desde el momento en que el Tribunal declare que la consignación está bien hecha. Íd. La doctrina española coincide en que la eficacia retroactiva de la consignación bien hecha alcanza hasta el momento en que tuvo lugar la práctica del depósito. Vélez Torres, ante, pág. 189. Es decir, cuando se declara correcta la consignación, se

"retrotraen los efectos del pago al momento del deposito de la cosa...". Íd., pág. 820.

**-B-**

La Ley Núm. 77 de 19 de junio de 1957, también conocida como *El Código de Seguros de Puerto Rico*, según enmendada, 26 LPRA sec. 101 *et seq.* (Código de Seguros) "provee para para la protección del caudal del asegurador insolvente estableciendo un procedimiento para una ordenada distribución del mismo entre los reclamantes del asegurador". *A.I.I.Co. v. San Miguel*, 161 DPR 589, 599 (2004). Particularmente, el Capítulo 40 del Código de Seguros, 26 LPRA sec. 4001 *et seq.* regula los procedimientos cuando una aseguradora adviene en estado de insolvencia de modo tal que, de ser posible, se logre su rehabilitación o, de lo contrario, se inicie su procedimiento de liquidación. *San José Realty, S.E. v. El Fénix de P.R.*, 157 DPR 427, 436 (2002).

Cónsono con lo anterior, cuando una compañía aseguradora está insolvente y los intentos para rehabilitarla no dan resultados, el Código de Seguros, *supra*, autoriza al Comisionado de Seguros a solicitar una orden del Tribunal de Primera Instancia en la que este último autorice y ordene la liquidación de la aseguradora insolvente. *San José Realty, S.E. v. El Fénix de P.R.*, supra, pág. 437. Así, el Art. 40.150 del referido estatuto dispone que una vez el Tribunal de Primera Instancia conceda la orden de liquidación solicitada, comienza el procedimiento de liquidación y se designa como liquidador al Comisionado de Seguros, quien tomará posesión inmediata de los activos de la compañía y los administrará bajo la supervisión del Tribunal Supervisor.[18] 26 LPRA sec. 4015; *San José*

---

[18] El Artículo 40.030 del Código de Seguros, *supra*, define tribunal supervisor como "el salón de sesiones del Tribunal de Primera Instancia, Sala de San Juan al cual ha sido asignado el procedimiento de liquidación o rehabilitación".

*Realty, S.E. v. El Fénix de P.R., supra,* pág. 437; *A.I.I.Co. v. San Miguel,* supra, pág. 599.

Asimismo, el referido artículo establece que "[e]l liquidador estará legalmente investido con título sobre toda la propiedad, contratos y derechos de acción y sobre todos los libros y expedientes del asegurador a quien se ha ordenado liquidar, donde quiera que se encuentren, a partir de la fecha en que se dicte la orden final de liquidación". Ahora bien, conforme al inciso (2) del Art. 40.150, "los derechos y obligaciones del asegurador y los de sus tenedores de pólizas, acreedores, accionistas, miembros y toda otra persona interesada en sus bienes quedarán definidos conforme existan a la fecha de emisión de la orden de liquidación, salvo como se dispone en los Artículos 40.160 y 40.340".

Por otra parte, respecto a la naturaleza del procedimiento de liquidación, el Tribunal Supremo de Puerto Rico ha expresado que se trata de un procedimiento especial, de naturaleza estatutaria, por lo tanto, la jurisdicción de los tribunales está limitada por el estatuto que la rige. *San José Realty, S.E. v. El Fénix de P.R., supra,* pág. 438; *Intaco Equipment Corp. v. Arelis Const.,* 142 DPR 648, 651 (1997). Específicamente, el Artículo 40.040(2) del Código de Seguros, *supra,* sobre jurisdicción y competencia, en lo pertinente, dispone que:

> "[n]ingún tribunal de Puerto Rico tendrá jurisdicción para considerar, celebrar vistas o llegar a determinaciones sobre ninguna acción donde se solicite la disolución liquidación, rehabilitación, embargo, conservación o administración de un asegurador o donde se solicite un interdicto u orden restrictiva u otro remedio preliminar, incidental o con relación a, tal procedimiento que no sea de conformidad con este Capítulo". 26 LPRA sec. 4004.

A tenor con lo que antecede, nuestro Más Alto Foro se ha pronunciado a favor de la centralización del proceso de liquidación, esto es, "una vez un tribunal declara insolvente a una compañía aseguradora y comienza el proceso de liquidación, todas las reclamaciones contra la aseguradora deben consolidarse en un solo

foro; el foro administrativo". *A.I.I. Co. v. San Miguel, supra,* pág. 600. Será el tribunal que ordene la liquidación de la aseguradora insolvente quien retendrá "jurisdicción sobre todas las acciones en contra la aseguradora, incluso las que existen con anterioridad a la orden". *San José Realty, S.E. v. El Fénix de P.R., supra,* pág. 449. La finalidad es que el proceso de liquidación lo atienda una sola entidad "con visión integral de toda la problemática respecto a la capacidad financiera (potencial económico para el pago de las obligaciones) de la aseguradora de que se trate". Íd., pág. 452.

Por último, cabe precisar que el Art. 40.430(1) dispone que la terminación del procedimiento de liquidación se podrá producir mediante una solicitud por parte del liquidador al Tribunal Supervisor a los efectos que se descargue la liquidación. 26 LPRA sec. 4043. Específicamente, dicha solicitud se hará "cuando todos los activos que justifiquen el gasto de cobro y distribución hayan sido cobrados y distribuidos con arreglo [al Capítulo 40]". Íd.

De otro modo, el Art. 40.250 del Código de Seguros, 26 LPRA sec. 4025, establece lo que es una preferencia. Específicamente dispone que una preferencia es una "transferencia de una propiedad de un asegurador a, o para beneficio de un acreedor, por o a cuenta de una deuda antecedente consumada o aceptada por el asegurador dentro de un (1) año antes de la radicación de una petición exitosa de liquidación con arreglo a este Capítulo cuyo efecto puede ser permitir al acreedor obtener un porcentaje mayor de esta deuda que el que hubiera recibido por otro acreedor de la misma clase". Ahora bien, en cuanto a la anulación de dicha preferencia, el referido artículo expone que para dicho proceder se tienen que materializar al menos una (1) de las cuatro (4) situaciones siguientes:

(1) el asegurador estaba insolvente al momento de la transferencia; o

(2) la transferencia se efectuó dentro de ciento veinte (120) días antes de la radicación de la petición; o

(3) el acreedor que la recibió o que habría de beneficiarse de la misma o su agente en la transacción tenían, al momento de efectuarse la transacción, suficiente razón para creer que el asegurador estaba insolvente o estaba a punto de quedar insolvente; o

(4) el acreedor que la recibió era un funcionario, empleado o abogado u otra persona que de hecho estaba en una posición de influencia en el asegurador comparable a la de un funcionario, independientemente que ocupara o no tal posición, o una corporación afiliada, o un accionista que tuviera directa o indirectamente más de cinco por ciento de cualquier clase de acciones emitidas por el asegurador o cualquier otra persona, firma, corporación, sociedad o conjunto de personas con quienes el asegurador mantenía negocios regularmente.

-C-

La Regla 50 de Procedimiento Civil, 32 LPRA Ap. V, R. 50, regula el procedimiento de apremio o ejecución de sentencia. En lo pertinente, la Regla 51.1 del referido estatuto, *supra,* establece que:

[l]a parte a cuyo favor se dicte sentencia podrá ejecutarla mediante el procedimiento fijado en esta Regla 51, en cualquier tiempo dentro de cinco (5) años de ésta ser firme. Expirado dicho término, la sentencia podrá ejecutarse mediante una autorización del tribunal, a moción de parte y previa notificación a todas las partes. Si después de registrada la sentencia se suspende su ejecución por una orden o sentencia del tribunal, o por efecto de ley, el tiempo durante el cual ha sido suspendida dicha ejecución deberá excluirse del cómputo de los cinco (5) años durante los cuales podrá expedirse el mandamiento de ejecución.

Este procedimiento "le imprime continuidad a todo proceso judicial que culmina con una sentencia", y es necesario utilizarlo cuando la parte obligada incumple con los términos de la sentencia. *Mun. de San Juan v. Prof. Research,* 171 DPR 219, 248 (2007) citando a R. Hernández Colón, *Práctica jurídica de Puerto Rico; derecho procesal civil,* San Juan, Ed. Michie de PR, 1997, Cap. 63, pág. 453. Como regla general, las sentencias se ejecutan en el tribunal que dictó la sentencia que se pretende ejecutar. *Mun. de San Juan v. Prof. Research,* supra*,* pág. 248.

### III.

En su recurso de *Apelación,* el Comisionado impugna un dictamen que dictó el TPI de San Juan ordenándole a la Unidad de Cuentas del Tribunal a remitirle al señor Quiñones los fondos e intereses consignados por Integrand provenientes del caso Civil Núm. FCCI200800611. Específicamente, en su primer señalamiento de error, el apelante sostuvo que el TPI erró al determinar que el dinero que reclamó el señor Quiñones no es un activo del caudal de liquidación de Integrand. Cónsono a esto, en su segundo señalamiento de error, insistió en que el TPI erró al resolver que los fondos reclamados por el señor Quiñones no constituyen una transferencia de fondos que equivale a una preferencia anulable ya que coloca al apelado en una mejor posición de cobro que otros acreedores similarmente situados.

En síntesis, el Comisionado insiste que no fue hasta el 22 de mayo de 2019, fecha en la cual se notificó el mandato del Tribunal Supremo, que de manera definitiva se resolvió que la consignación por parte de Integrand fue correcta. Ante ello, razonó que al validarse la consignación días antes de que se presentara la solicitud de rehabilitación el 30 de mayo de 2019 en su contra, esta podía ser anulada por estar compuesta de fondos de preferencia que podían ser retirados y remitidos como parte de los activos pertenecientes al proceso de liquidación. Ello, por haber sido convalidados dentro del término de un (1) año antes de que se presentara la petición de rehabilitación como lo establece el Art. 40.250 del Código de Seguros, *supra.*

Por último, argumentó que el TPI de San Juan carecía de jurisdicción para atender el reclamo que presentó el apelado ya que dicha reclamación se debió realizar mediante una intervención ante el proceso administrativo de la liquidación de Integrand. No le asiste la razón. *Veamos.*

Discutiremos el primero y segundo señalamiento de error en conjunto por estar íntimamente relacionados entre sí. En el caso de autos, el 17 de agosto de 2010, el TPI de Carolina dictó *Sentencia* en el caso Civil Núm. FCCI2008-00611 condenándole al señor Mercado y a Integrand el pago solidario a favor de los demandantes de una indemnización por concepto de daños y perjuicios. Así pues, el **1 de octubre de 2010**, Integrand voluntariamente consignó una suma inicial de **$150,208.37** ante el TPI de Carolina.

Posteriormente, el señor Quiñones impugnó la cuantía consignada y el foro intermedio ordenó la revalorización de los daños. En cumplimiento con este mandato, el TPI emitió una *Sentencia Enmendada* en la cual condenó al señor Mercado y a Integrand a pagarle al señor Quiñones la cantidad de $638,659.47. Luego de vario trámites procesales, el **7 de enero de 2015**, Integrand consignó una suma adicional de **$434,185.02** en el TPI de Carolina.

Más adelante, el **13 de marzo de 2017**, el TPI emitió un dictamen **en el cual resolvió que Integrand consignó correctamente las indemnizaciones en concepto de pago de sentencia.** Dicha determinación fue objeto de un cauce apelativo extenso, sin embargo, el **17 de mayo de 2019**, la litigación apelativa culminó con un dictamen del Tribunal Supremo denegando expedir el recurso de *certiorari* que presentó el señor Quiñones. El mandato del Tribunal Supremo se notificó el **22 de mayo de 2019**. Así pues, se confirmó la *Resolución* del 13 de marzo de 2017 y esta advino final y firme.

Paralelamente en el presente caso, el **30 de mayo de 2019**, el Comisionado presentó una *Petición de Orden para Rehabilitar Asegurador* en contra de Integrand. Esto luego se convirtió en un proceso de liquidación mediante una *Orden de Liquidación* que emitió el TPI y la cual fue notificada el **25 de septiembre de 2019**.

Mientras continuaban los trámites del proceso de liquidación ante el TPI de San Juan, el señor Quiñones solicitó el retiro de los fondos consignados ante el TPI de Carolina. Luego que Integrad se opusiera a estas solicitudes, el TPI de Carolina dictó una *Orden* mediante la cual le ordenó a la Unidad de Cuentas a que le remitiera al señor Quiñones los fondos consignados. El Comisionado solicitó una reconsideración mediante comparecencia especial y esta fue denegada. Por consiguiente, el dictamen fue objeto de una revisión ante el tribunal intermedio. Este foro determinó que le correspondía al TPI de San Juan atender cualquier asunto relacionado con Integrad. Así pues, los fondos consignados fueron transferidos al TPI de San Juan mediante solicitud que presentó el Comisionado.

Según el precitado derecho, **cuando un Tribunal hace una determinación declarando que una consignación está bien hecha, le reconoce los efectos liberatorios que perseguía el deudor desde que depositó la cosa.** (Énfasis suplido) *TOLIC v. Rodríguez Febles*, supra, pág. 819-820. Consecuentemente, nuestro Tribunal Supremo estableció que cuando se declara correcta la consignación, **se retrotraen lo efectos del pago al momento del depósito de la cosa y se extingue la obligación.** (Énfasis suplido) Íd., pág. 820.

Siendo ello así, si bien es cierto que no fue hasta el 22 de mayo de 2019 que el Tribunal Supremo confirmó la *Resolución* del 13 de marzo de 2017 en la cual el TPI de Carolina declaró la consignación como bien hecha, los efectos del pago para extinguir la obligación se retrotraen al momento en que se depositaron los fondos. En consecuencia, desde el 7 de enero de 2015, fecha en que se consignó totalmente el pago para satisfacer la sentencia, Integrad se había liberado de su obligación y las cantidades consignadas dejaron de ser parte de sus activos.

Tomando en consideración lo antes expuesto, es forzoso concluir que los fondos consignados no pueden anularse y considerarse como una transferencia que se realizó dentro del término de un (1) año antes de la radicación de la petición de rehabilitación conforme lo dispone el Art. 40.250 del Código de Seguros, *supra*. Ello, ya que como mencionamos anteriormente, los los efectos de la consignación de los fondos se retrotrajeron al 7 de enero de 2015 y la petición de rehabilitación se radicó el 30 de mayo de 2019. Por lo tanto, la Comisión no tiene el derecho de retirar la suma de **$150,208.37** que Integrand consignó el 1 de octubre de 2010 como tampoco la suma de **$434,185.02** que esta última consignó el 1 de enero de 2015. Estas sumas no constituyen un pago preferente al amparo del Art. 40.250 del Código de Seguro, *supra*. De igual forma, estas cantidades no forman parte de los activos del proceso de liquidación y le pertenecen al señor Quiñones. Así pues, el primer y segundo señalamiento de error no se cometió.

Ahora bien, en cuanto al tercer señalamiento de error, tampoco le asiste la razón al Comisionado. Específicamente, el apelante aduce que el señor Quiñones presentó una reclamación de cobro que constituye una ejecución de sentencia prohibida por el Art. 40.040 del Código de Seguros, *supra*. Por tanto, sostiene que el TPI de San Juan no tenía jurisdicción para atender el reclamo, pues este debe ventilarse en un procedimiento administrativo. La jurisprudencia reseñada demuestra que el TPI de San Juan actuó correctamente.

En primer lugar, el Tribunal Supremo estableció que el tribunal que ordene la liquidación de la aseguradora retendrá jurisdicción sobre todas las acciones en contra de esta, **incluyendo las existentes con anterioridad a la orden.** (Énfasis suplido) *San José Realty, S.E. v. El Fénix de P.R., supra,* pág. 449. La finalidad es que una sola entidad con visión integral de la problemática respecto

a la capacidad financiera de la aseguradora atienda el proceso de su liquidación. Íd., pág. 452. A tenor con ello, el TPI de San Juan es el foro con jurisdicción para atender la controversia relacionada a las consignaciones que realizó Integrand previo a su proceso de liquidación.

Además, cabe señalar que la reclamación del señor Quiñones no se trata de una ejecución de sentencia. El mecanismo de ejecución de sentencia se utiliza cuando un deudor se niega a satisfacer el pago de una sentencia que recayó en su contra. Como resolvimos previamente, cuando las consignaciones se decretaron bien realizadas, esa decisión se retrotrajo a la fecha en que Integrand depositó los fondos. En ese momento, la obligación de Integrand se extinguió y los fondos se encontraban a la disposición del señor Quiñones. Por ello, ante la ausencia de una deuda que se tenga que reclamar contra Integrand, la figura de la ejecución de sentencia no tiene cabida en este escenario. Consecuentemente, el tercer señalamiento de error no se cometió. En vista de lo antes expuesto, procede que la Unidad de Cuentas del TPI de San Juan le remita al señor Quiñones el dinero e intereses consignados en este caso y provenientes del pleito Civil Núm. FCCI2008-00611.

IV.

Por los fundamentos antes expuestos, ***confirmamos*** el dictamen recurrido.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís<br>Secretaria del Tribunal de Apelaciones